NORRIS EVANS, Respondent, v. WILLIAM WAGENSEIL, Appellant.— Action to recover damages for breach of contract. Defendant appeals (a) from an order denying his motion for a modification of plaintiff's demand for a bill of particulars by striking out specified items, and (b) from so much of an order as directed defendant to submit to an examination before trial on certain specified matters or items. The order relating to plaintiff's demand for a bill of particulars is modified by striking out the first and second ordering paragraphs and in place thereof substituting the following: " Ordered that defendant's motion be and the same hereby is denied as to Item 2, except that defendant may state the approximate time if he lacks knowledge of the exact time referred to in that item. Ordered that defendant's motion be and the same hereby is granted as to Items 1, 4, 5, 6, 7, 9, 10 and 11, which are hereby struck from the demand." As thus modified the order is affirmed, without costs, the bill of particulars to be served within ten days from the entry of the order hereon. No opinion. The order relating to defendant's examination before trial, in so far as appealed from, is modified by striking out Items 7, 10 and 12, and, as thus modified, the order is affirmed, with ten dollars costs and disbursements to appellant, examination to proceed on five days' notice. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

CARMEN GIBSON, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Plaintiff, a tenant in an apartment house owned by the defendant, slipped and fell on ice covering an area of about a foot square in a walk leading from the apartment house to the public sidewalk, which ice had formed, after a fall of rain on the preceding day, as the result of freezing temperature commencing at about midnight and continuing for eight hours until the time of the happening of the accident. The depression in the sidewalk in which this water had accumulated and become frozen was from a half to one inch deep and the ice itself was smooth. Judgment of the County Court of Westchester county in favor of plaintiff reversed on the law, with costs, and complaint dismissed, with costs. The slight depression did not create a dangerous condition and reasonable care did not require the defendant to remedy such condition. ( Kraus v. Wolf, 253 N. Y. 300; Dwyer v. Woollard, 205 App. Div. 546.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.