JOSEPHINE C. WILSON et al., Appellants, v. JAYBRO REALTY & DEVELOPMENT CO., INC., et al., Respondents.

Argued October 27, 1942; decided January 14, 1943.

*Milo O. Bennett, John H. Munley* and *George J. Meade* for appellants. Dimensions of a sidewalk defect are not controlling on the question of liability. (*Moshier* v. *City of New York*, 190 App. Div. 111; 228 N. Y. 612; *Lalor* v. *City of New York*, 208 N. Y. 431.)

*William B. Shelton* and *William J. McArthur* for Jaybro Realty & Development Co., Inc., respondent. The condition of which the plaintiffs complained did not constitute a dangerous condition, and the dismissal of the complaint was proper. (*Newhall* v. *McCann*, 267 N. Y. 394; *Katz* v. *Bora Realty Corp.*, 263 App. Div. 309; *Kempe* v. *Concourse Realty Corp.*, 237 App. Div. 708; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Lane* v. *City of Buffalo*, 232 App. Div. 334; *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Stakel* v. *City of Batavia*, 260 N. Y. 628; *Faber* v. *City of New York*, 161 App. Div. 203; *Gumbs* v. *City of New York*, 246 App. Div. 737; *Cullings* v. *Goetz*, 256 N. Y. 287; *Potter* v. *N. Y., O. & W. Ry. Co.*, 261 N. Y. 489; *Fink* v. *37 West 36th Street Co.*, 277 N. Y. 703.)

*Edward T. Costello* for Manhattan Food Stores, Inc., respondent.

*Per Curiam.* The defendants are landlord and tenant. The demised premises were used by the defendant-tenant as a grocery store. The female plaintiff, a customer of the defendant-tenant, on leaving the store in the daytime, stepped into an opening in the concrete sidewalk and fell. In these actions to recover damages for her consequent injuries and for resultant loss of her services, the plaintiffs had a verdict against both defendants. The Trial Term set aside the verdict against the defendant-tenant and granted that defendant a new trial. Judgment in favor of the plaintiffs was entered against the defendant-landlord on the verdict.

On cross-appeals by the defendant-landlord and by the plaintiffs, the Appellate Division directed (1) that the judgment so appealed from be reversed on the law and the complaint dismissed on the law; and (2) that the order so appealed from be modified on the law by striking therefrom the words " a new trial be granted " and inserting in place thereof the words " complaint dismissed on the law " and that the order, as so modified be affirmed. The case is now here on an appeal by the plaintiffs from the judgment entered on the order of the Appellate Division.

In its memorandum decision, the Appellate Division said: " The opening was irregular in contour, being over two feet by eighteen inches in its horizontal dimensions, and described as being as much as three inches in depth. Testimony based on measurements was to the effect that the depth was one to one and one-half inches. * * * The defect in the sidewalk must be held to have been so slight as to preclude a claim that is was dangerous." (264 App. Div. 776, 777.)

There was evidence that the opening was " a sort of jagged hole " which " varied on a sort of slant." There was evidence that the opening had increased in size over a long period of time. We think it was for a jury to say whether such a defect unreasonably imperilled the safety of the female plaintiff on the occasion in question. There is no rule that a hole in a public thoroughfare must under all circumstances be of a particular depth before its existence can give rise to a legal liability. (See *Hamer* v. *Village of Whitesboro,* 287 N. Y. 816. Cf. *Keener* v. *Tilton,* 283 N. Y. 454.)

The judgment and the order should be reversed, with one bill of costs to the plaintiffs, and the case remitted to the Appellate Division for disposition of the questions left undecided on the appeals to that court.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., dissents on the ground that under all the circumstances of this case, the hole did not unreasonably imperil the safety of customers of the store or of pedestrians in the street.

Judgment accordingly.