CHARLOTTE ADELSKA, Appellant, v. CITY OF TROY, Respondent. GEORGE ADELSKA, Appellant, v. CITY OF TROY, Respondent.

Third Department, March 3, 1943.

*M. Thomas Donohue* (*William E. J. Connor* of counsel), for appellants.

*Frank S. Parmenter, Corporation Counsel* (*John P. Judge* of counsel), for respondent.

Bliss, J. The plaintiff-wife was injured on May 17, 1939, while walking westerly along the northerly side of Fourth street across Broadway in the city of Troy. Her notice to the city of intention to sue stated that she caught her foot under the westerly rail of the easterly set of car tracks when she stepped into a depression in the pavement which was about four inches to six inches deep. She testified that her foot caught right under this rail and it threw her on her face. A photograph in evidence of the scene of the accident shows that the rough granite block pavement between the abandoned rails of the easterly set of car tracks was depressed a considerable distance below the level of the westerly rail. At this point there was also an iron grating between the rails to carry off surface water and the pavement is pitched toward this grating. The photograph shows that the westerly rail is elevated above this rough pavement a matter of several inches, at least three or four, and there is a space underneath the easterly edge of this westerly rail. This was not merely a depression in the pavement at the point of the crosswalk, but a portion of the rail overhung the pavement between the rails, so that the toe of a person's shoe would very easily catch underneath the rail, between the rail and the pavement. A jury might very properly say that this crossing was not reasonably safe for pedestrians who were compelled to watch for vehicles and could not give their constant attention to the surface of the pavement. There was proof that other people had fallen at this spot.

In *Wilson* v. *Jaybro Realty & Development Co.* (289 N. Y. 410) the Court of Appeals states: '' There was evidence that the opening was ' a sort of jagged hole ' which ' varied on a sort of slant.' There was evidence that the opening had increased in size over a long period of time. We think it was for a jury to say whether such a defect unreasonably imperilled the safety of the female plaintiff on the occasion in question. There is no rule that a hole in a public thoroughfare must under all circumstances be of a particular depth before its existence can give

rise to a legal liability. (See *Hamer* v. *Village of Whitesboro,* 287 N. Y. 816. Cf. *Keener* v. *Tilton,* 283 N. Y. 454.)''

The notice of intention was adequate and it was error to dismiss this complaint by way of nonsuit. Those cases in which the plaintiff depended solely upon the depth of the depression as proof of a dangerous condition, do not apply. Under the facts in this case the jury might properly have said that this crosswalk was not reasonably safe for pedestrians and that the plaintiff was entitled to recover.

It is also our view that the plaintiff was unduly restricted as to the reception of evidence in rebuttal.

The judgments and orders should be reversed on the law and facts, with costs to the appellants to abide the event, and a new trial granted.

SCHENCK, J. (dissenting). Plaintiffs, Charlotte Adelska and George Adelska, appeal from judgments of the Supreme Court, County of Rensselaer, dismissing the complaint in each above-entitled action at the close of defendant's cases, the two actions having been tried together.

Prior to the commencement of her action, Charlotte Adelska filed a claim and notice of intention to sue, as required by statute, setting forth a claim against the defendant city for damages sustained by reason of injuries caused by and through the negligence of the city in permitting a portion of the crosswalk located on the northerly side of Fourth street at the intersection thereof with Broadway to be in '' an unsafe and unpassable condition so that I, Charlotte Adelska, in passing on said crosswalk on the said 17th day of May, 1939, at or almost 9:30 A. M. fell on the crosswalk catching my foot under the westerly rail of the easterly set of car tracks running along Broadway in the City of Troy when I stepped into a depression in the pavement which was about 4″ to 6″ deep and was thereupon thrown to the said pavement with great force and violence * * *.'' The notice of claim of plaintiff George Adelska was similar in content.

The complaint alleges that at the time therein mentioned and for a long time prior thereto '' defendant improperly, carelessly and unlawfully suffered a depression of approximately six (6) inches in depth to exist at the northerly crosswalk of Broadway at its intersection with Fourth Street in the City of Troy, at a point adjacent to the westerly rail of the easterly pair of trolley car tracks running along and upon Fourth Street in the City of Troy, and at all of said times said defendant illegally

and unlawfully maintained the said crosswalk at and about the point mentioned in such an unsafe and dangerous condition that a person could not walk over said crosswalk without grave danger of stepping into said depression, of catching her foot under the said car track rail and of being precipitated to the ground  *  *  *  ." The complaint further alleges that said plaintiff stepped into the said depression adjacent to the westerly rail, caught her foot under said rail and was thrown to the ground and injured. Plaintiff testified, in part, as follows: " I just crossed over and the first thing you know my toes caught into something and it threw me right under the rail," and again, " Well, my foot, my toes were caught right under this rail and it threw me, and that is all I know."

No evidence was offered that a depression existed in the pavement at the place where plaintiff claims she fell, nor is there any testimony indicating that any part of the rail was above the surface of the pavement at that point.

Defendant called a witness who testified that he had examined the place where the accident is alleged to have occurred on the day of the occurrence and that his measurement showed a depression of " between a half an inch and three-quarters at the very most."

Defendant at the close of its case moved to dismiss the complaints. At that time plaintiffs' counsel stated to the court that he wanted to introduce testimony to rebut defendant's witness as to the depth of the depression. The court very properly ruled that that was part of the plaintiffs' main case and that testimony in rebuttal was not admissible. The motion to dismiss the complaints was thereupon granted.

Plaintiff's testimony is at variance with her claim and the allegations of her complaint. No testimony was given upon the trial to substantiate the matters set forth in the claim, nor may there be found any proof to sustain the allegations of the complaint. At best, the only testimony as to the depth of the depression is that given by defendant's witness to the effect that it was at most between one-half and three-quarters of an inch. This is insufficient to warrant a submission of the case to the jury. (*Stakel* v. *City of Batavia,* 260 N. Y. 628; *Boyne* v. *City of Buffalo,* 269 N. Y. 657; *Hamilton* v. *City of Buffalo,* 173 N. Y. 72; *Butler* v. *Village of Oxford,* 186 N. Y. 444.) Clearly, the plaintiff has failed to prove any negligence on the part of the defendant city and the trial court properly dismissed the complaints.

The judgments and orders appealed from should be affirmed.

HILL, P. J., and HEFFERNAN, J., concur with BLISS, J.; SCHENCK, J., dissents, in an opinion in which CRAPSER, J., concurs.

Judgments and orders reversed on the law and facts and a new trial granted, with costs to appellants to abide the event.