HENRIETTA DUMARY, Respondent, *v.* VILLAGE OF ATHENS, Appellant.

THOMAS DUMARY, Respondent, *v.* VILLAGE OF ATHENS, Appellant.

Third Department, January 7, 1948.

*John J. Scully* for appellant.

*Harry J. Semenoff* for respondents.

DEYO, J. Appeal in the two above-entitled actions from judgments in favor of the respective plaintiffs, and from orders denying the defendant's motions to set aside the verdicts and for new trials and denying the defendant's motions for directed verdicts in its favor.

The actions were brought for damages arising out of the personal injuries suffered by the plaintiff, Henrietta Dumary, when a difference of elevation of two flagstones in the sidewalk on Warren Street, village of Athens, Greene County, New York, caused her to turn her ankle and fall. The undisputed physical facts, as shown by the photographs, as well as the testimony offered on behalf of the plaintiffs, show that the difference in elevation did not exceed three inches at most, and that none of the characteristics of a trap or snare were present. Under such circumstances, it is well settled that a municipal corporation cannot reasonably be expected to guard against such a minor hazard, and will not be held liable for damages in the absence of actual notice to it of the existence of such condition. (*Lynch* v. *City of Beacon,* 269 App. Div. 757, affd. 295 N. Y.

872; *Dowd* v. *City of Buffalo*, 263 App. Div. 932, affd. 290 N. Y. 895; *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Minarsky* v. *City of New York*, 270 App. Div. 1029; *Goldberg* v. *City of New York*, 269 App. Div. 852, motion for reargument and leave to appeal denied, 269 App. Div. 940; *Hayes* v. *City of New York*, 267 App. Div. 535.)

The cases cited by the plaintiffs-respondents do no violence to this rule. Municipal corporations were not involved in *Wilson* v. *Jaybro Realty & Development Co., Inc.* (289 N. Y. 410) or *Friedlein* v. *Dittmar* (270 App. Div. 321). Although it can scarcely be argued that what is dangerous to the public, in the case of an individual, is less dangerous in the case of a munici‑ pality, there is a practical limitation upon the implied civil liability of a municipality respecting defective streets based, as Chief Judge LEHMAN said in his dissenting opinion in *Keener* v. *Tilton* (283 N. Y. 454, 457): " * * * on the ground that depressions in a sidewalk or crosswalk of a street, which are not ' pretty deep,' create no danger to a pedestrian so serious that the city in the exercise of reasonable care might have antici‑ pated and should have guarded against the hazard."

In *Hamer* v. *Village of Whitesboro* (287 N. Y. 816) notice to the village of the dangerous condition was proved. *Adelska* v. *City of Troy* (265 App. Div. 566) did not concern a mere difference in elevation, but an overhang of an abandoned trolley track, which a jury might very well have found constituted a trap or snare.

Judgment in each case reversed on the law and facts, without costs, and the complaints dismissed. The appeals in each case from the orders denying the motions to set aside the verdicts and for new trials and denying the motions for directed verdicts are dismissed, without costs.

HEFFERNAN, J. (dissenting). In these actions the plaintiff wife obtained a verdict against defendant for personal injuries and her husband a verdict for loss of her services. From judg‑ ments entered thereon and from orders denying its motions to set aside such verdicts defendant has come to this court.

The facts are practically undisputed. Mrs. Dumary testified that on March 19, 1946, while she was walking on a public side‑ walk on a busy thoroughfare in defendant village her ankle turned on the rise from one flagstone to the one adjoining caus‑ ing her to fall with resulting personal injuries. The difference in elevation between the two flagstones was three inches and this condition had existed, or so the jury might have found, for at least eight years.

This court has decided to reverse the judgments and to dismiss the complaints on the ground that no actionable negligence on the part of defendant has been established. I am not in accord with that determination. The court in arriving at its conclusion is relying largely on the doctrine announced in *Butler* v. *Village of Oxford* (186 N. Y. 444). That case was decided more than a generation ago and in the intervening years the judicial concept respecting the determination of the questions of negligence and contributory negligence has undergone a radical change (*Hamer* v. *Village of Whitesboro,* 287 N. Y. 816; *Wilson* v. *Jaybro Realty & Development Co., Inc.,* 289 N. Y. 410; *Keener* v. *Tilton,* 283 N. Y. 454).

In the opinion of the majority the *Hamer* case, which involved a hole in a village street of two and one-half inches, is distinguished on the theory that there the village had actual notice. In the case before us the depression was three inches in depth and existed for a period of eight years and the village was chargeable with constructive notice. I am unable to see any difference between actual and constructive notice and certainly the law makes no such unwarranted distinction.

The *Wilson* case involved a hole in a sidewalk having a depth of one to one and one-half inches. This court is ignoring that authority on the ground that a municipal corporation was not involved.

It seems to me that there is no merit in such a contention. Municipal corporations are no longer immune from liability because of their torts. To exempt a municipality from its negligent act and to charge an individual or a private corporation with responsibility on the same facts is not only illogical and unjust but is neither good law nor good sense. We should make no such arbitrary distinction.

The quotation in the prevailing opinion from the single dissent in the *Keener* case has no persuasive force.

To permit defendant to escape liability in these cases on the theory that only questions of law and not of fact are involved simply means that we are burning incense on the altar of outmoded precedents.

The judgments and orders appealed from should be affirmed, with one bill of costs.

HILL, P. J., FOSTER and RUSSELL, JJ., concur with DEYO, J.; HEFFERNAN, J., dissents in an opinion.

Judgments reversed on the law and facts, and the complaints dismissed, without costs.