MARGOT LOUGHRAN, Appellant, *v.* CITY OF NEW YORK, Respondent.

Argued November 22, 1948; decided December 3, 1948.

*Herman Kahn* for appellant. I. The accident occurred at Washington Square Park, which is a public park, established and maintained by defendant City of New York, and over which it had and maintained exclusive and undivided supervision and control. The accident and plaintiff's resulting injuries were caused by a defective condition in one of the pathways in the park. II. The jury was well warranted in finding that defendant was culpably negligent, in knowingly permitting the defective condition in the pathway to continue, for more than a year and a half, without repair, even though the hole in the center of the

defects had attained a depth of only three inches, at the time of the accident. (*Collentine* v. *City of New York,* 279 N. Y. 119; *Augustine* v. *Town of Brant,* 249 N. Y. 198; *Pitman* v. *City of New York,* 141 App. Div. 670; *Roberton* v. *Mayor,* 7 Misc. 645; *Gicht* v. *City of New York,* 220 App. Div. 813; *Ehrmann* v. *City of New York,* 273 App. Div. 818; *Carr* v. *City of New York,* 281 N. Y. 469; *Hamer* v. *Village of Whitesboro,* 287 N. Y. 816.)

*John P. McGrath, Corporation Counsel* (*Seymour B. Quel* of counsel), for respondent. The complaint was properly dismissed on the proof that the hole in the park pavement which caused plaintiff to fall was less than four inches deep and not a trap of any kind. Moreover, the trial court erred in refusing to charge that they must find for the city if the hole was less than four inches deep and not a trap of any kind. (*Hamilton* v. *City of Buffalo,* 173 N. Y. 72; *Butler* v. *Village of Oxford,* 186 N. Y. 444; *Gastel* v. *City of New York,* 194 N. Y. 15; *Terry* v. *Village of Perry,* 199 N. Y. 79; *Lalor* v. *City of New York,* 208 N. Y. 431; *Eger* v. *City of New York,* 206 App. Div. 718, 239 N. Y. 561; *Bryant* v. *Village of Potsdam,* 253 N. Y. 524; *Griffin* v. *Town of Harrison,* 268 N. Y. 238; *Boyne* v. *City of Buffalo,* 269 N. Y. 657; *Dowd* v. *City of Buffalo,* 263 App. Div. 932, 290 N. Y. 895; *Lynch* v. *City of Beacon,* 269 App. Div. 757, 295 N. Y. 872; *Keener* v. *Tilton,* 283 N. Y. 454; *Carson* v. *City of New York,* 267 App. Div. 993; *Giaimo* v. *City of New York,* 268 App. Div. 853.)

*Per Curiam.* Plaintiff, while walking at night along the paved pathway of Washington Square Park, a small public park established and maintained by the City of New York, stepped into a hole and fell. For the consequent injuries suffered, suit was brought against the city; there was a verdict in plaintiff's favor. In the Appellate Term and in the Appellate Division, the city has prevailed in its contention that the complaint should be dismissed on the ground that there was no evidence that the hole was four inches in depth or that it constituted a "trap."

For the past twenty years at least, this court has declined to recognize any such principle as that urged by the city. On the contrary, we have held that there is no rule that the liability of a municipality in a case of this sort turns upon whether the hole or depression, causing the pedestrian to fall, is four inches

— or any other number of inches — in depth or constitutes "a trap." (See, e.g., *Norbury* v. *City of Buffalo*, 246 N. Y. 605; *Wilson* v. *Jaybro Realty & Development Co.*, 289 N. Y. 410; *Dowd* v. *City of Buffalo*, 290 N. Y. 895; *Lynch* v. *City of Beacon*, 295 N. Y. 872; *Pratt* v. *Village of Seneca Falls*, 295 N. Y. 690.) As we but recently observed, there is no requirement that "a hole in a public thoroughfare * * * be of a particular depth before its existence can give rise to a legal liability." (*Wilson* v. *Jaybro Realty & Development Co., supra.*, p. 412.) A municipality's liability depends on whether or not, having in mind the circumstances of each case, it has neglected and failed to keep its public thoroughfares — whether the sidewalk of a street or the pathway in a park — in a condition reasonably safe for pedestrians.

In our view, the evidence contained in the record before us was sufficient to warrant submission of the case to the jury. The determination dismissing the complaint was, therefore, erroneous and must be reversed. Since, however, the affirmance by the Appellate Division of the Appellate Term's decision reversing the judgment of the City Court was on the law alone, the Appellate Division was not called upon to, and did not, pass upon the facts and, accordingly, we are required to remit the case to that court for determination upon any questions of fact there raised (Civ. Prac. Act, §§ 606, 626).

The judgments of the Appellate Division and of the Appellate Term should be reversed, and the case remitted to the Appellate Division for determination upon the questions of fact raised in that court, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.