Santry, J.
The plaintiff, Ruta Berkson, slipped and fell on a sidewalk which was generally covered with packed snow and some ice. No claim is made on account of the presence of snow and ice because no written notice had been given as required by the Village Law. The sole claim of negligence is predicated on *112 the fact that the concrete block constituting the sidewalk where the accident happened sloped transversely across the direction of the walk so that the end of the block was six inches higher at the edge toward the street than at the edge at the inside of the walk. The block was five feet wide so that the slope was one and one-fifth inches to the foot. This sloping condition of the walk was caused by the roots of an adjacent tree raising one end of the block by reason of their growth over a period of time.
The plaintiff ivas wearing shoes with leather soles and no rubbers or overshoes. She testified that the walk was covered with packed snow and that there was some ice in places; that when she reached the place of the accident she slid or slipped and fell. There was no other testimony concerning the snow or ice at the scene of the accident or the condition of the surface of the walk. There was no other testimony as to how she fell or what caused her to slip or slide.
The duty imposed on a municipality is to maintain its streets in a reasonably safe condition for use by the public. It is not liable for every defect of construction or maintenance. There would seem to be no danger to be reasonably apprehended from a sidewalk that sloped six inches in five feet. There was nothing shown to exist in this case in the nature of a trap. (Loughran v. City of New York, 298 N. Y. 320.) To require a village to keep miles of walks free of slopes and clear of uneven surfaces would impose a tax burden out of all proportion to the requirements of reasonable safety for the public. The pedestrian should be required to assume some of the risks of life. (Butler v. Village of Oxford, 186 N. Y. 444.)
Moreover, in this case there is no evidence that the slope of the walk was a proximate cause of the accident. The plaintiff slipped or slid on the ice or snow which covered the walk. There is no proof that the surface of this snow or ice sloped in conformity with the slope of the block. It may have been perfectly level. The slipping may have been caused from an uneven lump in the packed snow. It may have been caused by a spot of ice, the surface of which was perfectly level. We may say of this situation as the Court of Appeals said of a similar situation in Taylor v. City of Yonkers (105 N. Y. 202, 209): “ The plaintiff slipped upon the ice. That by itself was a sufficient, certain, and operating cause of the fall. No other explanation is needed to account for what happened. It is possible that the slope of the walk had something to do with it. It is equally possible that it did not. There is not a particle of proof that it did. To affirm it is a pure guess and an absolute speculation.”
The judgment should be affirmed, with costs.