CATHERINE GOETZ et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

City Court of the City of New York, Trial Term, Queens County, June 17, 1954.

*Nathan Hauptman* for plaintiffs.

*Adrian P. Burke, Corporation Counsel* (*Morris Himmelfarb* of counsel), for City of New York, defendant.

*John F. Dufficy* for Clifford Wallace and another, defendants.

MORRIS, J. This action, tried before the court without a jury, is brought by Frank Goetz for loss of services and by his wife, Catherine Goetz, to recover damages for personal injuries alleged to have been sustained through the negligence of the defendants on October 29, 1952, when plaintiff, then fifty-eight years of age, contends she tripped and fell on a sidewalk while walking at night in front of premises 123–58 135th Street, South Ozone Park, Queens County, because of a difference in height between two flagstones.

The plaintiff testified that there was a tree about six feet from the place of the accident and offered no evidence as to the actual difference between the flagstones by measurement, but testified from memory that it was between one and a half and two inches, and when asked to indicate by her fingers, and after the court called for a ruler, the space so indicated by the plaintiff increased until by actual measurement in the courtroom the difference was one and a quarter inches. Plaintiff testified further she lived one block away and lived there for fourteen years.

A witness called by the plaintiffs testified that there were three or four trees in the twenty-foot area in the vicinity of where plaintiff fell and that the street light was located on the right side of the house between a few trees about eight to ten feet from the point of accident, that partial light was shed on the sidewalk area from the nearest light and that there were plenty of leaves on the trees in October.

The complaint as against the defendants Clifford Wallace and Genevieve Wallace, the owners of the premises, was dismissed on motion at the end of the plaintiffs' case.

The owner of the premises, in front of which the accident is alleged to have occurred, testified that he noticed a rise of about one quarter of an inch a few weeks before the accident and after the accident the difference between the flagstones was one half to three quarters of an inch, and produced a receipted bill showing that a new sidewalk was constructed in June of 1950.

The court is satisfied that serious injuries were received by the plaintiff but is not satisfied that the plaintiffs have sustained the burden of proof that the sidewalk was unsafe or dangerous, or that there was any notice, actual or constructive, of any alleged unsafe or dangerous condition.

Two witnesses testified for the defendant, one a neighbor and one the wife of the owner of the property where the sidewalk was located, that they never noticed the rise until pointed out on the day following the accident and that the difference in height after actual measurement was a bit more than half an inch. As to the difference in height, there is no testimony for the plaintiff based on actual measurement, and the testimony for the City of New York is based on actual measurement.

The rule of liability is clearly stated in *Loughran* v. *City of New York* (298 N. Y. 320, 322): " A municipality's liability depends on whether or not, having in mind the circumstances of each case, it has neglected and failed to keep its public thoroughfares — whether the sidewalk of a street or the pathway in a park — in a condition reasonably safe for pedestrians."

The Court of Appeals has held that a slight difference in elevation of adjoining slabs or flagstones of a sidewalk does not of itself present actionable negligence on the part of the municipality (*Lynch* v. *City of Beacon*, 295 N. Y. 872; *Dowd* v. *City of Buffalo*, 290 N. Y. 895). In *Lynch* v. *City of Beacon* (*supra*, p. 873), " The action was brought to recover damages for personal injuries suffered by plaintiff, a pedestrian, when her right foot came in contact with a curbing abutting a driveway which ran across a sidewalk, as a result of which plaintiff was caused to fall. There was evidence that the curbing was elevated between one and one-quarter and two inches and extended diagonally across the sidewalk. * * * There was evidence that the conditions at this place had existed for two or three years and that plaintiff had traveled this route many times."

In *Dowd* v. *City of Buffalo* (*supra*, p. 896): " The testimony shows that at the place where the accident happened one concrete slab was raised from two to three inches above the adjoin-

ing slab at the outer edge of the walk. The plaintiff had lived within a half block of the place of the accident for seven years." In both of the Court of Appeals cases last cited, the court held that no actionable negligence on the part of the defendant was shown.

In *Carbin* v. *City of New York* (301 N. Y. 646), depended on by the plaintiffs, the action was brought to recover damages for personal injuries alleged to have been sustained by the negligence of the defendant. The record on appeal shows that the height of one flagstone above the other was indicated by the plaintiff and such indication when measured was two and one-half inches, and there was evidence that such condition had been known to police officers of the city and had been in substantially the same condition for a year prior to the accident. A witness for the defendant in the *Carbin* case testified that the difference, as shown by actual measurement, in the level of the flags was zero at the middle of the flag and going out to the curb the maximum height was one to one and a half inches. The jury in the *Carbin* case no doubt accepted the estimated difference of the plaintiff of two and a half inches as against the measured distance as testified to by the defendant's witness, plus the testimony as to the length of time such condition existed to the knowledge of the defendant City of New York.

In the court's opinion, the plaintiffs have failed to sustain the burden that the condition existed as plaintiffs contend or that the sidewalk was unsafe or dangerous, or that the defendant had any knowledge, actual or constructive, as to any alleged unsafe or dangerous condition, and so finds judgment for the defendant dismissing the complaint on the merits, and the clerk is directed to enter judgment accordingly.