ELIZABETH V. BROWN et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31868.)

Court of Claims, March 28, 1955.

*John Kennedy* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Fred Zabriskie* of counsel), for defendant.

LAMBIASE, J. This is a claim filed against the State of New York by the claimants, who are husband and wife, alleging negligence on the part of the State of New York, its officers and employees, as is hereinafter more particularly set forth: by claimant, Elizabeth V. Brown, to recover for damages allegedly resulting from personal injuries sustained by her, and for expense incurred and to be incurred by her for medical care and attention and for hospital and dental care and attention, and for wages lost; and derivatively by claimant, Albert A. Brown, only for loss of his wife's services. (S. M. 487-488.)

The title of this claim as originally filed was duly amended by order of this court by changing the spelling of the name of the claimant from " Elizabeth B. Brown " to " Elizabeth V. Brown ".

Claimant, Elizabeth V. Brown, was injured on February 20, 1953, at or about 8:45 P.M. at a point on the shoulder or dirt area immediately adjoining the concrete pavement and concrete gutter along the west side of Orange Avenue, also known as Route 202, a public highway running in a general northerly and southerly direction through the incorporated village of Suffern, New York. At all times in the claim mentioned said pavement consisted of three ten-foot strips of concrete with a concrete curb and drain adjoining the pavement of the highway on the east side thereof, and with a concave gutter, about three feet in width and about two inches deep, adjoining the pavement on the west side thereof. More particularly claimants locate the point of the alleged accident to be between Lafayette Avenue and Chestnut Street and about opposite a restaurant known as the "Lindy Restaurant" located on the east side of said Orange Avenue.

It is alleged in the claim: "5. The construction and maintenance thereof by the State was negligent in that there was inadequate lighting; that the concrete gutter or drain was cracked and damaged and remained in that condition for a long period of time; that the dirt shoulder was permitted to be worn or washed away for a distance along the edge of the gutter or drain of several feet and to a depth varying from half an inch to several inches; that the surface of the shoulder area became worn and washed away so as to render it uneven, irregular and impregnated with stones and rocks of various sizes and dimensions, all of which rendered the area unsafe and dangerous for travel and especially for pedestrians who were required to use the same for passage, and rendering the same in effect a trap. The State failed to repair, keep up, maintain or care for said road area for a long period of time prior to the accident."

It appears that claimant, Albert A. Brown, had parked his automobile to the west of the concrete gutter and on the dirt area or shoulder at the point of the accident at about 7:00 P.M. on the day of the accident, and that he and his wife, claimant Elizabeth V. Brown, had then crossed said Orange Avenue going from the west to the east side thereof, and had gone for dinner at a restaurant located on the east side thereof. The front end of the automobile was headed in a general southerly direction, claimants having been driving in a general southerly direction prior to parking the automobile, the driver's side being nearer the pavement and the gutter. Claimant, Elizabeth V. Brown, in order to reach the pavement of Orange Avenue, went around the back end of the automobile and thereby crossed the dirt area

or shoulder in back of the automobile and immediately adjoining the gutter.

Upon returning from said restaurant at about 8:45 P.M. that evening, claimants, to reach the automobile, again crossed Orange Avenue, this time going from the east side to the west side thereof. It was dark, and the area was not well illuminated. In order for claimant, Elizabeth V. Brown, to enter the automobile from its right side, it was necessary for her to again go around the back end thereof, which she proceeded to do. It is her testimony, and hers alone, for no one — not even her husband — saw her fall, that she attempted to step from the edge of the concrete gutter onto the adjoining dirt or shoulder and in so doing she was thrown forward and onto the dirt or shoulder. The point on said gutter from which she stepped was where terminated an expansion joint running easterly and westerly across the pavement of the highway. She ascribed her fall to a roughness of the edge of the concrete gutter and to the existence of a depression about three inches deep then and there existing between the west edge of the gutter and the shoulder or dirt area immediately adjoining it, into which depression, she testified, the forepart of her foot and shoe went as she was thus stepping from the edge of the gutter, as a result of which she sustained the personal injuries and damages testified to in the record.

The place where claimant, Elizabeth V. Brown, fell was part of a larger unpaved area adjoining the west edge of the concrete gutter on the west side of the pavement of Orange Avenue opposite the " Lindy Restaurant " and in that general vicinity made up of dirt, cinders, tufts of grass and some loose materials. It extends westward to the railroad right of way and tracks on an ascending grade. At the time of the accident described in the claim this area was used for the parking of automobiles. There was at the time of the accident, and there had been in 1952 and for some time prior thereto, at various points in said area a difference in elevation between the elevation of the top of the west edge of the concrete gutter on the west side of the pavement, and that part of the shoulder or dirt area immediately adjoining said gutter, the dirt area being lower. This difference in elevation, where it existed, was not constant. It varied from time to time during the aforesaid periods and at said various points in said area from about one inch to a maximum of about two and one-half inches; and there were places also where there was no difference in elevation. In the immediate location of the point where claimant, Elizabeth V. Brown, fell, that is, opposite the

building where was located the "Lindy Restaurant", there was an area immediately adjoining the west edge of the concrete gutter on the west side of the pavement which was about thirty-five feet in length measured from north to south. This area was depressed about one to two and one-half inches from the elevation of the top of the west edge of the gutter, the maximum depression extending for about three and one-half feet of said linear distance, following which maximum depression there was a gradual return to an elevation level with the top of the gutter at the end of said thirty-five-foot strip. The width of said aforementioned depressed area was about the width of an automobile tire.

It is one of the contentions of the State of New York that it was under no obligation to maintain the dirt area or shoulder at the point of the accident, and that, therefore, it had no responsibility with reference thereto. It cites in support thereof section 58 of the Highway Law of the State of New York which reads, and at all times in the claim mentioned read, in pertinent part as follows: "Within the limits of incorporated villages the state shall maintain a width of pavement equal to the width of pavement constructed or improved at the expense of the state, if a state highway". (*Seelye* v. *State of New York,* 178 Misc. 278.) It would seem that we should determine the merits of this contention before we pass on to the other issues involved herein.

No evidence was adduced as to whether the State's right of way extended beyond the easterly edge of the pavement; and it appears that there was a curb and sidewalk maintained by the Village of Suffern, New York on the east side of Orange Avenue between Chestnut Street and Lafayette Avenue. However, we point out that it is uncontradicted upon this record that the westerly line of the right of way of the State of New York along Orange Avenue between Chestnut Street and Lafayette Avenue in the village of Suffern, New York was located from four to eight feet west of the westerly edge of the concrete gutter (S.M. 471–472), and that directly opposite the "Lindy Restaurant" it was seven feet (S.M. 485–486). We are unable to agree, therefore, with the State's afore-mentioned contention for here the dirt area or shoulder involved was part of the State's right of way and was under its control and maintenance.

"It is the duty of the municipality to remedy defects within a reasonable time, which an ordinarily prudent man would regard as dangerous. The law imposes upon the municipality the duty of guarding against such dangers as can or ought to

be anticipated or foreseen in the exercise of reasonable prudence and care, but when an accident happens by reason of some slight defect from which danger was not reasonably to be anticipated as likely to happen, it is not chargeable with negligence.'' (*Hamilton* v. *City of Buffalo*, 173 N. Y. 72, 75.) And in *Loughran* v. *City of New York* (298 N. Y. 320, 322), it is said that '' there is no requirement that ' a hole in a public thoroughfare   *   *   * be of a particular depth before its existence can give rise to a legal liability.' (*Wilson* v. *Jaybro Realty & Development Co.*, *supra* [289 N. Y. 410], p. 412.) A municipality's liability depends on whether or not, having in mind the circumstances of each case, it has neglected and failed to keep its public thoroughfares — whether the sidewalk of a street or the pathway in a park — in a condition reasonably safe for pedestrians.'' The other circumstances which must be taken into consideration in cases of this kind are the amount of travel on and over the site of the defect, the location of the depression or elevation, the nature of the area, and other circumstances which may properly be considered by a jury in the determination of the case. Generally, dimensions of the defect are pertinent to the question of whether reasonable care and prudence has been used to detect and to remedy a defect which should have been foreseen as dangerous. (*Moshier* v. *City of New York*, 190 App. Div. 111.)

As bearing upon the character of the defect, it appears that claimant, Elizabeth V. Brown, knew that the area in question was dirt, and that there were stones there; and it further appears that her husband, who worked only a short distance therefrom on Orange Avenue, had noticed prior to the accident that the dirt shoulder and the concrete were not level. Furthermore, it does not appear that anyone had ever complained to the State of New York or to the local authorities of the Village of Suffern, New York, concerning the condition of said dirt area or shoulder, nor was there adduced any evidence as to prior accidents at said point.

There may be instances in which the court, with judicial propriety, may determine that the defect is so slight that actionable negligence becomes a question of law, but there is in almost all instances a shadow zone where the facts are such that the question must be submitted to the jury, and then it becomes its duty to take into consideration all the facts and circumstances in connection with the accident. Each case must necessarily depend upon its particular feature or features (*Butler* v. *Village of Oxford*, 186 N. Y. 444; *Terry* v. *Village of Perry*, 199 N. Y.

79), and clearly, a question of fact is presented to us upon this record.

In view of the foregoing we have concluded that unfortunate as the accident has been in its results to claimants and particularly to claimant, Elizabeth V. Brown, danger was not reasonably to be anticipated as likely to happen under the circumstances herein, and that, therefore, claimants have failed to duly establish against the State of New York the cause of action set forth in their claim or any other cause of action. Therefore, it is not necessary to go into the questions of claimants' alleged contributory negligence or freedom from it, or of the extent of the personal injuries of claimant, Elizabeth V. Brown, of her loss of earnings, or of the pecuniary value of damages sustained by each of the claimants herein.

Objections at S.M. 443–446, 449–450, 452 and 457, reservations as to which were made at S.M. 446–447, 451, 456, and 457, are overruled with an exception to claimants.

The claim of the claimants must be and hereby is dismissed upon the merits.

The foregoing constitutes our written and signed decision herein. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.