■ HELEN LYNCH, Appellant, v. O'ROURKE REALTY CORP., Respondent.— Appellant, an employee of a tenant in a factory building owned by respondent, allegedly slipped and fell on ice covering an outer step leading to the entrance of the building, which ice allegedly formed in a depression, caused by wear, of about one-half inch to three-quarter inch at its deepest point, as the result of a snowfall of approximately seven one-hundredths of an inch during the

two hours before the accident. Judgment dismissing the complaint at the close of the entire case affirmed, with costs. The slight depression did not create a dangerous condition, and reasonable care did not require respondent to remedy the condition which existed at the time of the accident. (*Gibson v. Prudential Ins. Co. of America*, 258 App. Div. 740, appeal dismissed, 283 N. Y. 647.) Nolan, P. J., Beldock, Murphy and Ughetta, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: On the facts disclosed by this record, issues of fact as to respondent's negligence and appellant's contributory negligence were presented for the jury's determination, and, consequently, it was error to dismiss the complaint as a matter of law. (*Loughran* v. *City of New York*, 298 N. Y. 320; *Wilson* v. *Jaybro Realty & Development Co.*, 289 N. Y. 410; *Robinson* v. *Belmont-Buckingham Holding Co.*, 94 Col. 534.)