Arthur Wachtel, J.
This is an action for personal injuries, resulting from a fall on the floor of the Port Authority Bus Terminal by reason of a hole in the floor. The plaintiff, Suzanne Parker, testified the hole was two inches in length and one-fourth inch deep. Her husband testified it was three-fourths inch deep. Both measurements are estimates based on observation. Defendant’s cleaning foreman and supervisor both testified that they measured the hole with a tape measure and found it to be one sixteenth of an inch.
Plaintiff’s attorney argues that since the ruling of Loughran v. City of New York (298 N. Y. 320 [1958]) the depth of the depression is immaterial and there is no requirement that the *422 depression, must be a trap in order to amount to actionable negligence.
It is true that the Court of Appeals stated in Loughran v. City of New York (supra, pp. 321-322): “We have held that there is no rule that the liability of a municipality in a case of this sort turns upon whether the hole or depression, causing the pedestrian to fall, is four inches — or any other number of inches — in depth or constitutes ‘ a trap ’ * * * There is no requirement that ‘ a hole in a public thoroughfare * * * be of a particular depth before its existence can give rise to a legal liability ’. ’ ’
However, the Court of Appeals went on to state what the rule is in this type of ease: “ A municipality’s liability depends on whether or not, having in mind the circumstances of each case, it has neglected and failed to keep its public thoroughfares * # * in a condition reasonably safe for pedestrians ” (p. 322).
For some years after the renunciation of the “ four inch rule ” in Loughran v. City of New York (supra) that case was consistently, if erroneously, held by Trial Judges to require that every action for damages arising out of a sidewalk defect, go to the jury to determine negligence as a question of fact (Lawyer Service Letter New York State Bar Association No. 231, reported in N. Y. L. J., Nov. 29, 1957, p. 4, col. 1, citing Second Report, Joint Legis. Committee on Municipal Tort Liability, N. Y. Legis. Doc., 1956, No. 41, p. 23, Appendix A).
More recent cases have demonstrated an understanding that the Loughran case was merely the abandonment of a mathematical measure of what is a trivial defect, under the basic rule that as a matter of law a plaintiff cannot recover for injuries occasioned by a trivial defect (see, e.g., Furman v. City of Lackawanna, 121 N. Y. S. 2d 556 [1952]). The New York State Bar Association in its aforesaid “ Service Letter” made the interesting inquiry as to whether, since the Loughran decision, “ We are in the process of developing a “ Two Inch Rule? ” Reference is therein made to Carbin v. City of New York (301 N. Y. 646 [1950]) and Styler v. City of New York (303 N. Y. 843 [1952]) where the hole or depression was two and one-half inches and the question was held one of fact for the jury; and to Furman v. Lackawanna (supra); Goetz v. City of New York (205 Misc. 1001 [1954]); Clemmons v. Cominskey, 2 N Y 2d 958 [1957]); Lipinsky v. City of New York (11 Misc 2d 734 [1957]), where the hole or depression was less than two inches and the condition was held nonactionable as a matter of law.
*423 The Loughran case did not permit the substitution of a two-inch rule for a four-inch rule or any other mathematical measurement as a rule of thumb in this type of case. The question is whether under the circumstances in each case the party to be charged has neglected and failed to keep the thoroughfare which is the subject of the action, in a condition 11 reasonably safe for pedestrians.” A reading of the opinions in the oases referred to will disclose that this was the test which the courts followed (see, also, Brannigan v. City of Plattsburgh, 3 A D 2d 637 [1956]; Dowd v. City of Buffalo, 290 N. Y. 895; Lynch v. City of Beacon, 295 N. Y. 872).
Upon all the facts, the court finds that the plaintiff has failed to sustain her burden of proof that the defendant failed to maintain the public thoroughfare at the area in question, in a reasonably safe condition for pedestrians. As the court said in Lipinsky v. City of New York (supra, p. 734) where the evidence showed the existence at the place of the alleged accident, of a separation in the metal nosing or curbing of about an inch, and a difference in elevation of about three fourths of an inch, “ I do not believe that the defect is of such a character as to impose liability, or of such a nature that a reasonably prudent person should have foreseen the probability of an accident from its existence (Clemmons v. Cominskey, 1 A D 2d 933, affd. 2 N Y 2d 958; Foster v. City of New York, N. Y. L. J., July 15,1957, p. 3, col. 2).”
The plaintiff’s attorney in a supplemental memorandum seeks to distinguish this case on the ground that plaintiff was an invitee; and he argues that the Port Authority is under a “greater duty” to keep the premises safe for its invitees than the city is for pedestrians. No case is cited in support of this contention, nor has the court found any. In discussing the relative duty of landlords in respect of thoroughfares or areas commonly used by tenants, and the duty of a municipality, the court in Dwyer v. Woollard (205 App. Div. 546) said at page 547: ‘1 This duty, however, cannot be greater than the obligation of a municipality in relation to ice which forms upon its sidewalks.”
(Cf. Lynch v. O’Rourke Realty Corp., 2 A D 2d 851, affd. 3 N Y 2d, 957; Gibson v. Prudential Ins. Co., 258 App. Div. 740.) A distinction has been made in respect of the duty of carriers in the maintenance and repair of the roadbed, the construction of their cars, and the like. However, where the condition in question is in the platforms, halls, or stairways, the duty of the carrier is simply to exercise ordinary care in view of the dangers to be apprehended. As the Court of Appeals said *424 in Kelly v. Manhattan Ry. Co. (112 N. Y. 443) at page 450: ‘ ‘ in the approaches to the cars, such as platforms, halls, stairways and the like, a less degree of care is required, and for the reason that the consequences of a neglect of the highest skill and care which human foresight can attain to are naturally of a much less serious nature. The rule in such cases is that the carrier is bound simply to exercise ordinary care in view of the dangers to be apprehended.” (See, also, Beltz v. Buffalo Rochester & Pittsburgh Ry. Co., 222 N. Y. 433, 436.)
The attorney for the plaintiff further seeks to distinguish this case on the. ground that there was a vertical metal strip along the depression “ over which a person could easily trip ” but there was not sufficient proof that "this metal strip along the depression was in fact the cause of plaintiff’s fall or that the condition of the depression with the metal strip was such as to constitute the failure to exercise the reasonable care required of tiie defendant in view of the dangers to be apprehended and “ was of a nature that a reasonably prudent person should have foreseen the probability of an accident from its existence.” (Lipinsky v. City of New York, supra.)
Accordingly, complaint dismissed.