█ ROSEMARY PURCELL et al., Respondents, v. NEW YORK WORLD'S FAIR 1964/1965 CORP., Appellant.— In a negligence action to recover damages for personal injuries, medical expenses, etc., defendant appeals from a judgment of the Supreme Court, Nassau County, entered January 20, 1969 in favor of plaintiffs upon a jury verdict. Judgment affirmed, with costs. Plaintiff Rosemary Purcell, while walking, as a business invitee, in a parking lot operated and maintained by defendant on its fair grounds, tripped and fell over a vertical pavement rise therein of about two inches. The rise had been created by blacktop macadam placed on the top of part of the original blacktop pavement in the lot, so as to produce a reinforced peripheral roadway for buses using the lot. This condition had existed for three months prior to the accident; it was not readily discernible; and parts of this peripheral roadway had white paint lines, to alert persons walking in the lot to the rise. But, at the place plaintiff fell there were no such white paint lines, according to plaintiffs' testimony. The fair grounds police officer who reported the accident did not remember whether such painted lines were at the place where the injured plaintiff fell. The case was submitted to the jury on a comprehensive charge by the Trial Justice concerning whether the condition complained of was dangerous, whether defendant had actual or constructive knowledge thereof, and whether the injured plaintiff was guilty of contributory negligence. No exceptions were taken to the charge. It is our opinion that the issues were properly submitted to the jury and the jury's verdict is not contrary to the law or the weight of evidence (cf. *Loughran* v. *City of New York*, 298 N. Y. 320; *Wilson* v. *Jaybro Realty & Development Co.*, 289 N. Y. 410; *Foster* v. *City of New York*, 6 N Y 2d 852; *McDermott* v. *City of New York*, 7 A D 2d 745, affd. 6 N Y 2d 822; *Moshier* v. *City of New York*, 190 App. Div. 111, app. dsmd. 228 N. Y. 612; *Carbin* v. *City of New York*, 276 App. Div. 980, affd. 301 N. Y. 646; *Dynes* v. *Village of Waverly*, 2 A D 2d 937; 4C N. Y. Negligence, Warren, Sidewalks, §§ 5.04, 5.05). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL MOJICA, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated May 12, 1969, which denied the application, without a hearing. Order reversed, on the law, and application remitted to said court for a hearing, to be held before another Justice. The findings of fact below have not been considered. In our opinion the record does not conclusively refute defendant's allegation that a promise was made to him by the trial court on March 10, 1967, when he pleaded guilty to a lesser crime. We find there is, as a matter of law, a dispute of fact which entitles him to a hearing (see *People* v. *White*, 309 N. Y. 636, 641; *People* v. *Guariglia*, 303 N. Y. 338, 343). Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SIMMONS, Appellant.—In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Westchester County, entered April 22, 1968, which denied the application, after a hearing. Order affirmed. We find no merit to defendant's claim that the confessions introduced into evidence at his 1948 trial were involuntary. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.