■ ALFRED J. SCHMIDT, Appellant, v. CITY OF NEW YORK et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered February 14, 1968, in favor of defendants against him, upon the trial court's dismissal of the complaint at the close of plaintiff's case upon a jury trial. Judgment affirmed, with one bill of costs to respondents jointly. No opinion. Brennan, Acting P. J., Hopkins, Benjamin and Munder, JJ., concur; Rabin, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Since the complaint was dismissed at the close of plaintiff's case, the facts adduced are to be considered in that aspect which is most favorable to plaintiff, and plaintiff is entitled to the benefit of every favorable inference which may reasonably be drawn from such facts (*Markel* v. *Spencer*, 5 A D 2d 400, 403, affd. 5 N Y 2d 958). Plaintiff testified he was injured by a fall on a defective and broken sidewalk, covered by snow and ice. According to him, the defect consisted of a hole about a foot and a half wide and three inches deep, with patches of snow surrounding and concealing it, and his right foot caught in the hole as he traversed a pathway on the sidewalk, made by the individual defendants who had shoveled sidewalk snow into mounds. From these sur-

1042

rounding mounds, water was melting and running into the hole where plaintiff's foot was caught. In the area of this hole, there were breaks in the sidewalk, covering an area of 10 or 15 feet, with cracks extending 6 or 7 feet. This hole had existed for a period of one year and a half to two years. It was plaintiff's contention that he had proved a prima facie case against the defendant municipality by his showing of the faulty sidewalk, and against the individual defendants by his proof of their having shoveled sidewalk snow into the surrounding mounds from which water thereafter dripped, forming the slush and ice which covered the hole. The learned Trial Justice dismissed the complaint at the end of plaintiff's case on the grounds that the snow had not been present for such length of time as spelled out liability on the municipality's part, and that the individuals' shoveling of snow into mounds was not actionable. The Justice further ruled that the underlying state of disrepair of the sidewalk did not make plaintiff's claim actionable. In my opinion, plaintiff's proof of the condition of the sidewalk made out a jury question on the issue of whether the defendant municipality had neglected and failed to keep the sidewalk in a condition reasonably safe for pedestrians (*Loughran* v. *City of New York*, 298 N. Y. 320). Since plaintiff gave proof of a hole which might be found to have been hazardous, it was error to take from the jury the question as to whether such hole might have been a concurrent proximate cause of his injury (*Christenson* v. *City of New York*, 31 A D 2d 927).