■ JAMES E. MESSEMER, Respondent, v. DOUGH MATES, INC., et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Queens County, entered May 6, 1969 in favor of plaintiff, upon a jury verdict of $30,000. Judgment affirmed, with costs. No opinion. Brennan, Acting P. J., Rabin and

Hopkins, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum, in which Kleinfeld, J., concurs: Plaintiff sought to recover for injuries allegedly sustained when he slipped on snow and ice in a parking lot on his way to defendant Dough Mates, Inc.'s doughnut shop during a snow storm. He claimed he fell at a place which he described as a saucer-like depressed area, covered with snow. He testified that this area was about five feet long, two and one-half feet wide and about four inches at its deepest point. Snow was falling at the time and, according to the weather report, it had been falling for three hours prior thereto. The temperature had been below freezing for four days prior to the fall. The evidence indicated that the surface of the snow and ice on the depressed area was level with the surface adjoining it. Thus, plaintiff's fall was due to the slippery surface of the ice and not to the depth of the depression. Under these circumstances plaintiff failed to establish that defendants' maintenance of the parking lot with depressed areas was the cause of his fall. Accordingly, he failed to make out a prima facie case of liability (cf. *Denning* v. *Pioneer Trailer Sales*, 20 A D 2d 846; *Gibson* v. *Prudential Ins. Co.*, 258 App. Div. 740, app. dsmd. 283 N. Y. 647; *Tetzlaff* v. *Incorporated Vil. of Amityville*, 249 App. Div. 640). Furthermore, I would reverse for the following errors committed by the trial court. The court committed error when it charged that "defendants under the law are required to produce such witnesses or proof or exhibits that will meet the proof offered by the plaintiff." The court also erred in charging that the jury must find that the snow was the sole proximate cause in order to find for defendants. By its charge the court indicated that defendants were under an obligation to come forward to introduce evidence to meet the evidence offered by plaintiff. By charging that the jury must find that the snow was the sole proximate cause of the accident in order to hold for defendants, the court eliminated all issues of credibility and contributory negligence. Finally, the court committed error in permitting plaintiff to testify that after he fell he went into the doughnut shop and said, "What kind of a place have you got out here? It's all slippery," and "It's all icy. I just slipped." This testimony was self-serving and should not have been permitted (Richardson, Evidence [9th ed.], § 377).