■     BETTY SMITH et al., Appellants, v. CITY OF NEW YORK, Respondent, et al., Defendants.— In a negligence action to recover damages for personal injury and loss of services, plaintiffs appeal from (1) a judgment of the Supreme Court, Kings County, rendered September 12, 1966, in favor of defendant City of New York upon a jury verdict, and (2) an order of said court dated August 30, 1966 which denied their motion for a new trial. Judgment reversed, on the law, and new trial granted as against defendant City of New York, with costs to abide the event. The appeal from the judgment presented no questions of fact. Appeal from order of August 30, 1966 dismissed as academic, without costs. At the trial the plaintiff wife testified she fell on a city sidewalk when her foot caught in a hole. Both plaintiffs described the hole as being roughly triangular in shape, three inches on each side and approximately four inches deep, two inches accounted for by an elevation in a pavement slab and a two-inch depression below the level of the sidewalk. A New York City police officer testified that the defect constituted merely a

one-inch elevation in the slab of the sidewalk. In our opinion, under the circumstances herein, it was error for the trial court to charge the jury that a plaintiffs' verdict had to rest either on a finding that the defect constituted a trap or that the difference in elevation was more than one inch. There is no rule that a sidewalk defect must be of certain minimum dimensions or constitute "a trap" in order to render a municipality liable for injuries sustained thereby (*Wilson* v. *Jaybro Realty & Development Co.*, 289 N. Y. 410; *Loughran* v. *City of New York*, 298 N. Y. 320; *Monllas* v. *City of New York*, 27 A D 2d 722; *Caldicott* v. *City of New York*, 32 A D 2d 832; cf. *Fox* v. *Brown*, 20 A D 2d 538, affd. 15 N Y 2d 597; *Keirstead* v. *City of New York*, 24 A D 2d 486, affd. 17 N Y 2d 535; *Allen* v. *Carr*, 28 A D 2d 155, affd. 22 N Y 2d 924). Moreover, at the very conclusion of its remarks to the jury in response to a request for clarification, the court said, "On the other hand, if you find that the defect was three inches high, although more than approximately one inch, then you may find the condition was dangerous." This instruction may have led the jury to believe that a verdict for plaintiffs was precluded unless they found there was at least a three-inch difference. In addition, we find that plaintiffs were prejudiced by the inordinate attention given in the charge to the fact that the plaintiff wife's trial testimony and testimony given by her at a hearing several months before the trial were "inconsistent". Gulotta, Christ and Brennan, JJ., concur; Shapiro, Acting P. J., dissents and votes to affirm the judgment and the order, with the following memorandum: While I agree that the charge to the jury was not as clear as it could be, it adequately defined the issues for the jury's determination.