Zilgme v. United States of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          ROSEMARY S. POOLER,
          RICHARD C. WESLEY,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - -X

RICHARD ZILGME,
          <u>Plaintiff-Appellant</u>,

          -v.-                              17-3784

UNITED STATES OF AMERICA,
          <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Michael J. Willett, Gibson, McAskill
                                  & Crosby, LLP, Buffalo, NY

FOR APPELLEE:                                    Mary E. Fleming, Assistant United
                                                 States Attorney, <u>for</u> James P.
                                                 Kennedy, Jr. United States Attorney
                                                 for the Western District of New York,
                                                 Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED IN PART** and **IN PART VACATED AND REMANDED.**

Plaintiff-Appellant Richard Zilgme appeals from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>) dismissing his complaint on summary judgment.   Zilgme alleges that he was injured when he tripped over a loose bolt protruding one-and-a-half inches from the floor of a United States Postal Service facility.   The Government's motion for summary judgment was referred to Magistrate Judge Scott, who recommended that the court reject the argument that the loose bolt constituted an inactionable trivial defect, but that the motion nevertheless be granted on the ground that the Government lacked actual or constructive notice of the loose bolt.   The report and recommendation ("R&R") also rejected Zilgme's argument that the loading dock plate at issue was defective.   After further briefing, the district court accepted the R&R in a decision and order dated October 23, 2017.

We review a district court's decision on motions for summary judgment de novo, construing evidence in the light most favorable to the nonmoving party. <u>Novella v. Westchester Cty.</u>, 661 F.3d 128, 139 (2d Cir. 2011).   We may affirm a grant of summary judgment "on any basis [with] sufficient support in the record, including grounds not relied on by the district court."   <u>Bruh v. Bessemer Venture Partners III L.P.</u>, 464 F.3d 202, 205 (2d Cir. 2006).

2

**1.** Zilgme argues that the Government's awareness that forklifts could loosen bolts on the loading dock establishes constructive notice of the loose bolt that caused his fall.   In support, Zilgme has adduced two emails written after his accident by a Postal Service employee evincing awareness that "[v]ibration from the fork lifts and the fork blades may loosen the locking nuts" attached to the bolts, App'x 346, and that "[b]olts become unanchored by fork blades hitting them and is a fairly common occurrence," App'x 347.

Under New York law, "actual notice of a particular recurring safety issue . . . [is] sufficient to establish constructive notice of the specific recurrence" of the condition.   Chianese v. Meier, 98 N.Y.2d 270, 278 (2002).   However, "awareness of a *general* dangerous condition is not enough to charge a defendant with constructive notice of the *particular* dangerous condition that caused an injury."   Taylor v. United States, 121 F.3d 86, 90 (2d Cir. 1997) (emphasis in original).

The Government argues, as the district court concluded, that awareness of potential for loose bolts on the 46 loading docks at the facility is too general to support constructive notice of the particular bolt at issue here.   However, the question here is not whether general awareness of loose bolts creates constructive knowledge of the loose bolt that tripped Zilgme, but whether awareness of the loose bolts rendered foreseeable the tripping hazard posed by a loose bolt extending one-and-a-half inches from the ground.   See Taylor, 121 F.3d 89-91 ("Constructive notice of a *particular* condition is inextricably intertwined with the concept of foreseeability.") (emphasis in original); Basso v. Miller, 40 N.Y.2d 233, 241 (1976) ("[F]orseeability shall be a measure of liability.").

Since reasonable minds could disagree about whether awareness of loose bolts on the loading docks makes the risk of tripping over a protruding bolt foreseeable, the district court erred by granting summary judgment on the issue of notice.

3

**2.** Zilgme argues that the bolts in the loading dock constituted an unreasonably dangerous condition even when properly fastened because the heads of the bolts were raised one-eighth to one-quarter of an inch above the floor, and that the district court failed to consider this claim. Judge Arcara's opinion concludes that there was insufficient "evidence for a reasonable trier of fact to conclude that the [Government's] loading dock plate assembly created conditions that violated an applicable standard of care." District Court Opinion at 4. The court did not consider the height of the raised bolts as a defective condition in itself; Zilgme's opposition to the Government's motion for summary judgment listed the raised bolts simply as one of several "factors" supporting his alternative claim that the dock plate assembly in the loading dock was defective because of its various differences from the loading dock he usually worked at. See 15-cv-130 (RJA) Doc. No. 32-5 at 7; see also Plaintiff's Rule 56.1 Counterstatement, App'x 351.

In any event, based on our "examination of all the facts and circumstances presented," Trincere v. Cty. of Suffolk, 90 N.Y.2d 976, 977 (1997), we conclude that the raised bolts do not "unreasonably imperil the safety" of those walking in the loading dock and are not actionable as a matter of law, Hutchinson v. Sheridan Hill House Corp., 26 N.Y.3d 66, 78 (2015) (quoting Wilson v Jaybro Realty & Dev. Co., 289 NY 410, 412 (1943) (brackets omitted)) (finding cylindrical sidewalk projection approximately one quarter of an inch in height and five-eighths of an inch in diameter to be trivial as a matter of law). The bolts are raised only one-quarter of an inch above the floor, are not difficult "to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances," id. at 80, and are "so slight that no careful or prudent person would reasonably anticipate any danger from [their] existence," id. at 81 (quoting Beltz v City of Yonkers, 148 NY 67, 70 (1895) (brackets omitted)).

Because the raised bolts are inactionable, we need not address Zilgme's argument that the Government was on notice of the condition because it installed the bolts itself.

4

We have considered Zilgme's remaining arguments and conclude they are without merit. The judgment of the district court is therefore AFFIRMED IN PART and IN PART VACATED AND REMANDED for further proceedings consistent with this opinion.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK