◼ CALLIOPE MONLLAS et al., Appellants, v. CITY OF NEW YORK, Respondent.— Judgment unanimously reversed, on the law and on the facts, and a new trial ordered, with $50 costs to appellants to abide the event. The somewhat confusing trial proof presented factual issues as to the precise place where plaintiff wife fell on a city sidewalk and the nature of the claimed defect. This appellant identified the spot where she fell and an apparently disinterested witness testified that there was a hole thereat 1½ feet long, 7 inches wide and 2½ to 3 inches in depth. A police officer on the other hand testified that the depth of the same hole was one inch and that the edges thereof were irregular and worn down. In this state of the proof it was error for the court to direct the jury that if they believed the testimony of the policeman that the hole was one inch deep a verdict should be returned for defendant. "There is no rule that a hole in a public thoroughfare must under all circumstances be of a particular depth before its existence can give rise to a legal liability." (*Wilson* v. *Jaybro Realty & Development Co.,* 289 N. Y. 410, 412.) Such liability "depends on whether or not, having in mind the circumstances of each case, [the

municipality] has neglected and failed to keep its public thoroughfares * * * in a condition reasonably safe for pedestrians." (*Loughran* v. *City of New York*, 298 N. Y. 320, 322; *Foster* v. *City of New York*, 6 N Y 2d 852). Furthermore, the trial court made an unfortunate choice of words in telling the jury that there was a burden on plaintiffs of presenting their proof "on a silver platter." The use of such a hyperbole may have lead the jury to believe that appellants were required to prove their case by more than a preponderance of the evidence. Concur — Botein, P. J., Stevens, Rabin and Bastow, JJ.