■ In the Matter of ABRAHAM VERGARA, Appellant, v. CRIMINAL COURT OF THE CITY OF NEW YORK, YOUTH OFFENSES PART III, et al., Respondents.— Judgment of the Supreme Court, Kings County, dated March 20, 1969, affirmed, without costs, on the opinion of the learned Justice at Criminal Term. We agree that the acts of the 16-year-old junior high school student in assaulting a teacher do not constitute mere school delinquency which falls within the exclusive jurisdiction of the Family Court pursuant to sections 3214 and 3232 of the Education Law. Jurisdiction for the disposition of the assault in the third degree charge lies properly in the Criminal Court of the City of New York. Christ, Acting P. J., Rabin, Benjamin, Munder and Kleinfeld, JJ., concur.

■ SEENA L. LANE, Appellant, v. CITY OF NEW YORK et al., Respondents, et al., Defendant.— In an action to recover damages for personal injury, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered February 1, 1968, as is in favor of defendant City of New York upon the trial court's dismissal of complaint at the close of plaintiff's case upon a jury trial. Judgment reversed insofar as appealed from, on the law, and action severed and new trial granted as between plaintiff and defendant City of New York, with costs as between said parties to abide the event. No questions of fact were considered. The testimony on behalf of plaintiff was that she was injured when she fell because her foot was caught in an elevation of a concrete sidewalk; the jury could have found that the elevation was from one to three inches in height; and photographs of the elevation indicated that the elevation could have been a trap. Under these circumstances, it was error for the Trial Judge to dismiss the complaint at the close of plaintiff's case (*Loughran* v. *City of New York*, 298 N. Y. 320; *Carbin* v. *City of New York*, 276 App. Div. 980, affd. 301 N. Y. 646; *Kaplan* v. *City of New York*, 25 A D 2d 827). Christ, Rabin, Benjamin and Kleinfeld, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: In my opinion, "the alleged defect is not of such a character as to impose liability, or of such a nature that a reasonably careful and prudent person should have foreseen the probability of injury to users of the walk from its existence" (*Clemmons* v. *Cominskey*, 1 A D 2d 933, 934, affd. 2 N Y 2d 958). The physical facts, as shown by the photographs in the record as well as by the testimony offered on behalf of plaintiff, establish that the elevation was slight and that it had none of the characteristics of a trap (*Keirstead* v. *City of New York*, 24 A D 2d 486, affd. 17 N Y 2d 535; *Allen* v. *Carr*, 28 A D 2d 155.) Accordingly, it is my view that the complaint was properly dismissed.