■ VASUMATHAMMA TIPERNENI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 66044.)—Judgment unanimously reversed, on the law and facts, with costs, and matter remitted to Court of Claims for a trial on the issue of damages only. Memorandum: Claimant suffered a broken hip on September 6, 1981 when she tripped and fell while crossing a pedestrian bridge from the parking area to Prospect Point

State Park in Niagara Falls, New York. She filed a notice of claim seeking to recover damages for personal injuries, claiming that the State was negligent "in failing to properly maintain the surface of said pedestrian walkway bridge in a safe manner, free from holes and ruts which were capable of causing persons using said bridge to trip, fall and sustain severe and permanent personal injuries."

At a bifurcated trial on the issue of liability only, the State acknowledged it owned and maintained the area. It conceded that there existed a seam or crack but contended that the condition "that existed was not a dangerous condition." The proof indicates that the seam or break in the blacktop covering an expansion joint of the pedestrian walkway was approximately three inches wide and two inches deep and, in the opinion of claimant's expert witness, would constitute a "hazard", especially on the downward slope of the pedestrian bridge. There is also evidence that maintenance personnel observed the seam prior to the date of the accident. Such unrefuted proof is sufficient to establish a cause of action for negligence (see, Foster v City of New York, 6 NY2d 852; Loughran v City of New York, 298 NY 320; Smith v City of New York, 38 AD2d 965, 966; Lane v City of New York, 32 AD2d 838; Monllas v City of New York, 27 AD2d 722). Since it could reasonably have been foreseen that the crack or seam in the blacktop covering the expansion joint on the pedestrian bridge would cause an accident, the Court of Claims erred in concluding that liability could not be predicated upon this condition (see, Basso v Miller, 40 NY2d 233; Loughran v City of New York, supra). Furthermore, the record does not support any finding that this accident resulted in any degree from claimant's own culpable conduct. (Appeal from judgment of Court of Claims, Moriarty, J.—personal injury.) Present—Dillon, P. J., Callahan, Doerr, Pine and Schnepp, JJ.