■   CYNTHIA L. TAYLOR et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Judgment, Supreme Court, Bronx County, entered November 29, 1977, in favor of plaintiffs on the issue of liability only, affirmed, without costs or disbursements. In our view, the jury properly determined that the crevice was of a size sufficiently large to "catch" plaintiff's left heel and cause her to stumble and fall to her knees, as she testified. This crevice was located behind a metal plate, approximately seven inches in width, which covered the entire front portion of the step. Therefore, the jury was not required to find that the whole heel had to fit into the crevice. Suffice to say, we are of the view that the exhibits do, in fact, support plaintiff's version of the accident. There is no requirement that the condition complained of be of a certain size before it gives rise to liability. (Wilson v Jaybro Realty & Dev. Co., 289 NY 410; Smith v City of New York, 38 AD2d 965.) Moreover, we believe that the nature and location of the crevice—obscured from view by the riser of the step above—made it a trap. (Leach v Town of Eastchester, 290 NY 619.) Constructive notice was established by the testimony of plaintiff's daughter that she observed long cracks in the steps "toward the bottom of the second landing", six months before the accident. In any event, the photographs of the crevice taken about one month after the accident clearly show that the condition did not develop overnight. A jury might well infer from the condition depicted in these photographs that the long crevice behind the metal plate had been there for a sufficient length of time that defendant should have known of its existence. (Batton v Elghanayan, 43 NY2d 898.) As for the fact that the accident

went unreported, we do not understand that immediate notice is a requirement to liability. To the extent that it bears on credibility, plaintiff was treated within a few hours after the accident at Montefiore Hospital and, in fact, gave a history of how the accident happened. Concur—Kupferman, J. P., Yesawich and Sullivan, JJ.; Lupiano and Markewich, JJ., dissent in a memorandum by Markewich, J., as follows: I would set aside the verdict of the jury on liability and dismiss the complaint. This case involves an unreported fall on subway steps. The cause is said to have been a failure properly to maintain the installation, permitting the heel of plaintiff's shoe to become caught in an unrepaired crevice on the next to bottom step. The shoe said to have been worn was before us, as were photographs said to portray the crevice. Comparison of the two exhibits leads to the inescapable conclusion that it was physically impossible for the accident to have occurred as depicted in the complaint. As to notice, the photographs themselves were insufficient evidence. "It is not to be taken that proof of the condition at the scene of an accident such as this (thus permitting an inference as to the duration of the condition) may always be made by the use of photographs." (Batton v Elghanayan, 43 NY2d 898, 900.) The testimony of plaintiff's daughter to the effect that she had, during a period prior to the accident, seen "cracks" in the subject stairway lacked sufficient specificity to establish constructive notice. And there was no evidence whatever of any prior accident on the same stairway. Even assuming, as we do not, that the evidence was sufficient to establish a case prima facie, the verdict was that contrary to the weight of evidence as to require, at the very least, remand for a new trial.