(May 7, 1998)

■ FANNYE YOUNG, Appellant, v CITY OF NEW YORK, Defendant, and KALIKOW 101 PARK AVENUE REALTY CORP. et al., Respondents. [673 NYS2d 378] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered June 24, 1996, which, following a jury verdict in plaintiff's favor on the issue of liability, granted the non-municipal defendants' motion to set aside the verdict as a matter of law and dismissed the complaint, unanimously reversed, on the law, without costs or disbursements, the verdict reinstated and the matter remanded for further proceedings on the issue of damages.

Plaintiff was walking on a sidewalk built and maintained by defendants-respondents when her heel caught in an expansion joint causing her to slip and fall. The nisi prius court set aside the jury verdict that found that the defendants-respondents were negligent in the construction and maintenance of the sidewalk. It did so by finding, as a matter of law, that the defect, a crevice which was five-eighths of an inch wide and an inch deep running the full width of the sidewalk, was "too trivial" to warrant the imposition of liability. It further held that plaintiff's testimony was incredible as a matter of law and that it would have been impossible for plaintiff's heel to "travel down into the depth of the expansion joint in issue."

Initially, we note that: "Judgment as a matter of law may be granted to a party after a contrary jury verdict only if 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion

reached by the jury on the basis of the evidence presented at trial' (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). In this case, defendant's testimony provided a rational basis for the jury's verdict." (*Frances G. v Vincent G.*, 71 NY2d 1001, 1002.)

Likewise, in the instant case, the testimony of plaintiff that the crevice caught her heel and caused her to trip provided a rational basis for the jury's verdict and, therefore, the trial court erred in setting aside the verdict and dismissing the complaint. The trial court's conclusion that it would have been impossible for the plaintiff's one-inch heel to "travel down" a crevice five-eighths of an inch (or one-half of an inch) is irrelevant. It was not necessary for the full width of the heel to fit entirely into the hole to cause a fall, but simply for the presenting tip of the heel to become caught in the crack causing plaintiff to trip (*see, Taylor v New York City Tr. Auth.*, 63 AD2d 630). Moreover, the trial court denied defendants' motion to set aside the verdict as against the weight of the evidence, finding that to do so would "unnecessarily interfere with the fact-finding function of the jury" and amount to a "usurpation of the jury's function." We agree with this finding that the jury determination was *not* against the weight of the evidence.

The nisi prius court also found that the defect herein was "too trivial" to warrant liability. We disagree. The Court of Appeals has recently restated the general law: "There is no rule that municipal liability, in a case involving minor defects in the pavement, 'turns upon whether the hole or depression, causing the pedestrian to fall, is four inches—or any other number of inches—in depth' (*Loughran v City of New York*, 298 NY 320, 321-322; *Wilson v Jaybro Realty & Dev. Co.*, 289 NY 410, 412). Instead, whether a dangerous or defective condition exists on the property of another so as to create liability ' "depends on the peculiar facts and circumstances of each case" and is generally a question of fact for the jury' (*Guerrieri v Summa*, 193 AD2d 647 [citations omitted])." (*Trincere v County of Suffolk*, 90 NY2d 976, 977.)

In the instant case, the defendants were responsible for building the sidewalk with the expansion joints twice as wide as the regulatory standard. Instead of a single crevice somewhat larger than the average, the entire sidewalk was bisected by numerous crevices, each large enough to catch a heel. Under these "peculiar facts and circumstances," the jury could properly find that defendants' negligence was the proximate cause of plaintiff's injuries. Concur—Ellerin, J. P., Nardelli, Williams and Andrias, JJ.