■ YVONNE SIRAGUSA et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent, and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) [727 NYS2d 389] —Judgment, Supreme Court, New York County (Dominick Viscardi, J., and a jury), entered January 31, 2000, in an action for personal injuries sustained in a trip and fall in a crosswalk, apportioning liability 100% against defendant Triborough Bridge and Tunnel Authority (TBTA), awarding damages in the principal amounts of $14,300 for past medical expenses, $4,500 for past pain and suffering, $0 for future pain and suffering and $4,500 for loss of consortium, and bringing up for review an order, same court and Justice, entered June 14, 1999, which denied TBTA's motion to set aside the verdict as a matter of law or for a new trial as to liability, and denied plaintiff's cross motion to set aside the verdict as inadequate and for a new trial as to damages, unanimously modified, on the facts, to remand the matter for a new trial only on the issue of damages, and otherwise affirmed, without costs.

Plaintiff fell over a bump or rise extending across a crosswalk that connects pedestrian islands within the intersection of Joseph P. Ward Street and West Street near the exit lanes of the Brooklyn Battery Tunnel, and sued the City of New York and TBTA for their negligence in maintaining the crosswalk. The evidence as to control, while conflicting, fairly supports the finding that maintenance of the crosswalk was the responsibility of TBTA, not the City. Particularly persuasive in this regard are contractual documents to which TBTA was party indicating that TBTA was responsible for the construction of the Manhattan exit plaza of the Brooklyn Battery Tunnel and has since been responsible for the plaza's renovation and maintenance. The weight of the evidence also supports the findings that the 1½- to 2-inch differential between the concrete slabs of the crosswalk was a dangerous condition (*cf., Young v City of New York*, 250 AD2d 383), and that plaintiff, who had to traverse five lanes of traffic and was not familiar with the area, was not at fault to any degree. However, the award of only $4,500 for past pain and suffering and no award for future pain and suffering is against the weight of the evidence bearing upon plaintiff's injuries, which evidence, although conflict-

ing, at the very least shows that plaintiff underwent surgery for a cervical disc injury caused by this fall, and continues to suffer pain and discomfort. Accordingly, we remand for a new trial on the issue of damages only (CPLR 5501 [c]). Concur— Nardelli, J. P., Tom, Ellerin, Lerner and Rubin, JJ.