■ DAVID FRANCIS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [744 NYS2d 9] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered May 4, 2001, which, in an action for personal injuries allegedly caused by a tripping hazard on the platform of defendant Transit Authority's aboveground subway platform, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff testified at deposition that as he fled a threatening gang of youths, he tripped over a protruding metal plate on the subway platform, causing him to fall close to the platform's edge, then almost immediately onto the tracks and ultimately through the tracks and onto the street below. We reject defendant's argument that such testimony establishes, as a matter of law, that plaintiff's injuries were not caused by the allegedly hazardous metal plate but by the gang's actions and plaintiff's response thereto. Giving plaintiff's testimony the benefit of every favorable inference, a jury could find that he would not have tripped and fallen had it not been for the metal plate, and that he would not have rolled onto the tracks had he not tripped and fallen so close to the edge of the platform. Of course, there may be more than one proximate cause for an injury (CPLR art 14). Inconsistencies between plaintiff's dep-

osition testimony and his General Municipal Law § 50-h testimony eight years earlier, which suggested less immediacy between his trip and fall on the platform and his tumble onto the tracks, raise issues of credibility that should also be left for trial (see, Yaziciyan v Blancato, 267 AD2d 152). Concur—Williams, P.J., Tom, Saxe, Friedman and Marlow, JJ.