■ ANTONIO P. NAVARRETO et al., Respondents, v 995 WEST-CHESTER AVENUE LLC, Defendant and Third-Party Plaintiff-Respondent. CARIBE UNISEX INC., Third-Party Defendant-Appellant. [826 NYS2d 64]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 22, 2006, which, inter alia, denied third-party defendant's motion for summary judgment, unanimously affirmed, without costs.

There are triable issues as to whether third-party defendant, the lessee of commercial premises, made special use of the metal doors on the sidewalk abutting the premises upon which plaintiff allegedly tripped and fell (*see Keane v 85-87 Mercer St. Assoc.*, 304 AD2d 327 [2003]). The metal doors provided access to the building's basement where third-party defendant maintained a hot water heater that was essential to its salon business. We note as well that the lease required third-party defendant to maintain the sidewalk in good repair and make nonstructural repairs.

The court properly denied that branch of third-party defendant tenant's motion seeking dismissal of defendant landlord's third-party claims for indemnification and contribution. As noted, there are triable issues as to whether negligence on the part of third-party defendant was a substantial factor in bringing about plaintiff's harm, and in advance of a determination as to liability and damages it is not possible to ascertain whether the particular contractual duty to indemnify set forth in the lease between the third-party litigants would be triggered. Concur—Buckley, P.J., Tom, Mazzarelli, Friedman and McGuire, JJ.