HERMINIA NARVAEZ, Respondent, v 2914 THIRD AVENUE BRONX, LLC, et al., Appellants/Third-Party Plaintiffs-Appellants-Respondents, et al., Defendant. 2914 SPORTSWEAR REALTY CORP., Third-Party Defendant-Respondent-Appellant. [930 NYS2d 561]—

On August 11, 2005, plaintiff tripped and fell on an alleged defective sidewalk condition in front of the building located on 2914 Third Avenue in the Bronx. The premises were owned and managed by defendants/third-party plaintiffs 2914 Third Avenue Bronx LLC and Thor Equities LLC, respectively (collectively Thor), and leased to third-party defendant 2914 Sportswear Realty Corp pursuant to an agreement dated July 18, 2005. Plaintiff commenced this action against Thor, alleging negligence, and Thor commenced a third-party action against 2914 Sportswear, seeking, among other things, common law and contractual indemnification.

The court properly denied Thor's motion for summary judgment dismissing the complaint, and 2914 Sportswear's cross motion for summary judgment dismissing the third-party complaint. Neither Thor nor 2914 Sportswear made a prima facie showing that plaintiff did not trip and fall on a sidewalk defect in front of their building. Although plaintiff, an elderly woman with a second-grade education, had difficulty articulating her thoughts during her deposition, her testimony as a whole is consistent with her claim that she tripped and fell on a raised sidewalk flag in front of 2914 Third Avenue. The maps submitted by Thor further support plaintiff's claim as to the location of the accident. Any discrepancies in her testimony raise credibility issues for the trier of fact (see *Francis v New York City Tr. Auth.*, 295 AD2d 164 [2002]).

Thor and 2914 Sportswear also failed to establish lack of notice, since they submitted no evidence demonstrating that they regularly inspected the sidewalk prior to the accident (see *Massey v Newburgh W. Realty, Inc.*, 84 AD3d 564, 567 [2011]).

The report and affidavit of plaintiff's expert witness stating that the defect constitutes a tripping hazard, as well as plaintiff's deposition testimony that she tripped as she was walking, looking straight ahead, with many people around, raise factual questions as to whether the defect was trivial (see *Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166 [2000]; see also *Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *George v New York City Tr. Auth.*, 306 AD2d 160 [2003]; *Pizzurro v Kranzco Realty*, 288 AD2d 4 [2001]).

Because Thor did not demonstrate clear entitlement under the lease, and factual issues still exist as to Thor's and 2914 Sportswear's negligence and respective fault with respect to the sidewalk condition, a conditional judgment would have been premature (see *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808-809 [2009]; *Corrales v Reckson Assoc. Realty Corp.*, 55 AD3d 469 [2008]; cf. *Masciotta v Morse Diesel Intl.*,

303 AD2d 309 [2003]). Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.