Feinman, J.,
dissents in part in a memorandum as follows: I agree with the majority that the motion court properly dismissed the action as against defendant East West Manhattan Portfolio L.E because, unlike the abutting landowners, defendants Gallery House Condominium and John J. Grogan & Associates, Inc. (together the Gallery House defendants), it had no duty to maintain or repair the sidewalk where plaintiffs accident occurred. However, in my view, the motion court erred in granting summary judgment and dismissal of the action as against the Gallery House defendants on the ground that the sidewalk defects at issue were “trivial” as a matter of law. If the motion court was correct as to this point, then property owners in New York City may ignore the law regarding construction and maintenance of their abutting sidewalks without consequence. The motion court’s approach, approved by the majority, reduces safety design specifications to mere recommendations. Accordingly, I respectfully dissent in part.
In March 2008, plaintiff contends, he was caused to trip and fall and sustain injury when the “outside of [his] sneaker got caught in the crack” in front of the condominium building owned by defendant Gallery House Condominium. The “crack” is a sidewalk expansion joint. The sidewalk was constructed (i.e., repaved) by the Gallery House defendants in 2003 or 2004. In 2007, former third-party defendant Etna Contracting, Inc. inspected the sidewalk and proposed to replace missing caulking in the sidewalk’s expansion joints. The Gallery House defendants rejected the proposal, and never replaced the caulking.
Plaintiff moved for summary judgment on the ground that the sidewalk expansion joint in which he tripped constituted a defective and dangerous condition. He submitted an affidavit and notarized report by Michael Kravitz, a licensed professional engineer, who inspected the sidewalk in March 2010 and found the following defects, which he opined were created at the time of construction-. (1) the width of the expansion joint measured *478 three quarters of an inch; (2) the expansion joint lacked sufficient caulking such that there was a one-inch-deep crevice between flags; and (3) a height differential of one-quarter inch existed between the adjacent sidewalk flags. These conditions constituted violations of sections 7-210 and 19-113 of the Administrative Code of the City of New York and section 2-09 of title 34 of the Rules of City of New York Department of Transportation, as well as New York City Department of Transportation Specifications and, according to Kravitz, are a “substantial defect.” Although plaintiff also submitted photographs of the sidewalk allegedly taken shortly after his 2008 accident, defendants contend, and it was conceded at oral argument, that they should not have been considered because they were unauthenticated.
The Gallery House defendants also moved for summary judgment seeking dismissal of the complaint as against them on the ground that the allegedly missing caulking was “trivial” as a matter of law. In support of their motion and in opposition to plaintiffs motion, the Gallery House defendants submitted an affidavit from John Natoli, a licensed engineer who inspected the site in July 2010. Natoli found that the width of the expansion joint was seven eighths of an inch at its widest, the depth of the caulking ranged between three eighths to one half of an inch, and the height differences were “less than one-half inch.” Natoli’s report explained that the “depth of the expansion joint will not remain static unless filled periodically with caulking.”
The motion court granted the Gallery House defendants’ motion, finding no question of fact as to the trivial nature of the alleged defect and that any difference in the width of the expansion joints was de minimis. The court denied plaintiffs motion, ruling that he had not established that the width of the expansion joints was required by statute or ordinance to be “an undeviating 1/4 inch,” and held that the one-quarter-inch variance between sidewalk flags, as found by plaintiff’s engineer, was “as a matter of law, too trivial to be actionable.” Plaintiff has appealed from both the denial of his summary judgment motion and the grant of defendants’ summary judgment motion.
The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Ostrov v Rozbruch, 91 AD3d 147, 152 [1st Dept 2012]). In deciding the motion, the court will draw all reasonable inferences in favor of the nonmoving party (Vega v Restani Constr. Corp., 18 NY3d *479 499, 503 [2012]; Sosa v 46th St. Dev. LLC, 101 AD3d 490, 492 [1st Dept 2012]). If the moving party fails to make a prima facie showing of entitlement to summary judgment, its motion must be denied (Vega, 18 NY3d at 503).
There is no rule that a sidewalk defect of a particular depth or height or width is deemed as a matter of law to be either trivial or substantial (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). “[Wjhether a dangerous or defective condition exists . . . so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury” (id. [internal quotation marks omitted]). In Trincere, after examining all the facts, including that the slab at issue was a “little over a half-inch above the surrounding paving slabs” (id.), as well as the time, place and circumstance of the injury, it was held that the defect was trivial (id. at 977-978). By comparison, in Young v City of New York (250 AD2d 383 [1st Dept 1998]), a crevice between sidewalk flags that was five eighths of an inch wide and one inch deep, running the full width of the sidewalk, was held not to be, as a matter of law, a defect “too trivial” for a jury to find liability (id. at 383-384). Similarly, in Gomez v Congregation K’Hal Adath Jeshurun, Inc. (104 AD3d 456 [1st Dept 2013]), we held there were triable issues of fact as to whether a one-half-inch differential between the sidewalk flags was a “substantial defect” under 34 RCNY 2-09 and Administrative Code § 19-152 (a) (4) and (a-1) (5).
The Gallery House defendants’ motion should have been denied. They did not meet their prima facie burden of demonstrating that the sidewalk defect was “trivial” as a matter of law. According to plaintiffs engineer, the width of the expansion joint was three quarters of an inch, which is wider than the expansion joint in Young. Like the expansion joint in Young, the engineer found that the expansion joint here was one-inch deep. In addition, unlike Young, there was a one-quarter-inch height differential between sidewalk flags.
The majority distinguishes the present case from Young on the ground that the defect in that case ran the full width of the sidewalk. Even if the sidewalk defects described in this case affect only a part of the sidewalk, which is not clear from the record, this cannot mean that such a defect is insignificant as a matter of law. In fact, the alleged defects here appear to be more substantial in nature than the defect at issue in Young.
Plaintiffs expert’s report opining that the sidewalk defects meet the statutory definition of “substantial” also undermines defendants’ argument. In D'Amico v Archdiocese of N.Y. (95 AD3d 601 [1st Dept 2012]), we found there was a question of *480 fact as to whether the defect was trivial because the plaintiff’s expert opined that the defect was “substantial” under 34 RCNY 2-09 (f) (5) (iv). In Narvaez v 2914 Third Ave. Bronx, LLC (88 AD3d 500, 501 [1st Dept 2011]), we held that the report and affidavit of the plaintiffs expert stating that the raised sidewalk flag was a tripping hazard, along with the plaintiffs deposition testimony that she tripped as she was walking, looking straight ahead, raised questions of fact as to whether the defect was trivial. So too, here, we should find that the contents of the plaintiffs engineer’s report runs counter to the claim that the sidewalk defects were trivial.
Both 34 RCNY 2-09 (f) (5) (viii) and section 19-152 (a) (8) of the Administrative Code provide that noncompliance with the DOT specifications for sidewalk construction is a “substantial defect.” Here, the reports of both the plaintiffs and defendants’ engineers agree that DOT specifications provide that the sidewalk expansion joints in question “shall be” one-quarter-inch wide and “shall be” filled to the sidewalk surface with sealant. Both reports indicate that the sidewalk joint was over one-half inch. Therefore, one must conclude that the sidewalk in question does not comply with the DOT specification and is a “substantial defect” as a matter of law. However, the Gallery House defendants argue, without citing any authority, that the specification that an expansion joint “shall be” one-quarter inch refers to the required minimum dimension. Their engineer’s report stated that it is accepted industry practice that expansion joints should never be less than one-quarter inch, but that expansion joints of more than one-quarter inch do not violate the DOT rules.
The DOT specifications, as written, do not suggest this interpretation. Rather, the specifications are clear when a required measurement is a minimum amount or a specific amount. For example, section 4.13.4 (E) provides that “dummy scored joints shall be not less than one-half (1/2”) inch in depth.”* Therefore, the “shall be” language contained in the DOT specification pertaining to the expansion joint here indicates a required measurement, not a minimum.
Finally, the Gallery House defendants argue that the DOT specifications only govern construction of sidewalks, not maintenance. This assertion, even if correct, carries little weight because the report of plaintiffs engineer expert states that *481 “[g]ood and accepted engineering and safety practice was violated” at the time of construction of the sidewalk.
Because the Gallery House defendants fail to meet their prima facie burden of demonstrating the absence of questions of fact, I would reverse the order granting the Gallery House defendants’ motion for summary judgment and would grant plaintiff partial summary judgment only to the extent of finding that the sidewalk condition constituted a “substantial defect” as a matter of law. However, there remain triable issues of fact as to how the accident occurred and plaintiff’s comparative negligence.

 City of New York Department of Transportation, Standard Highway Specifications, volume I of II, at 218, http://www.nyc.gov/htmI/ddc/downloads/pdf/ pub_intra_std/_DOT/hwy_std_specs_101101_vol_l.pdf (last updated Nov. 1, 2010) (emphasis added).