*514 Order, Supreme Court, New York County (Paul Wooten, J.), entered February 5, 2013, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion as to plaintiffs claims based on an alleged broken step, and otherwise affirmed, without costs.
Although plaintiff testified at his General Municipal Law § 50-h hearing that his accident might have been caused by an accumulation of ice on an outdoor stairway, he had earlier filed with defendant a notice of claim that indicated that the accident was also caused by a broken step. Indeed, he later testified at his deposition that the accident was caused by the broken step. The inconsistencies between the section 50-h testimony and the deposition raise issues of credibility that should be properly left for the trier of fact (see Francis v New York City Tr. Auth., 295 AD2d 164 [1st Dept 2002]). We reject the argument that the deposition testimony was an attempt to create a feigned factual issue in the face of a motion for summary judgment. The deposition testimony was given a year before the instant motion for summary judgment was made (compare Morrissey v New York City Tr. Auth., 100 AD3d 464 [1st Dept 2012]). The motion court also erred in imposing upon plaintiff a burden of demonstrating that defendant had notice of the alleged broken step. Defendant, as a moving party, had the prima facie burden of establishing that it lacked actual or constructive notice of a hazardous condition (see Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp., 79 AD3d 518, 519 [1st Dept 2010]). However, in light of the concession in plaintiffs reply brief and by operation of the storm in progress doctrine, we find that defendant was not negligent in failing to remove any snow and/or ice that was on its premises (see Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007]). Concur — Mazzarelli, J.R, Saxe, Moskowitz, DeGrasse and Gische, JJ.