LaRosa v Corner Locations, II, L.P. (2019 NY Slip Op 01160)





LaRosa v Corner Locations, II, L.P.


2019 NY Slip Op 01160


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


8418 158243/13

[*1]Desiree LaRosa, et al., Plaintiffs-Respondents,
v
Corner Locations, II, L.P., et al., Defendants-Respondents, Moishe Gift Inc., Defendant-Appellant, Nylar Holding, LLC, Defendant.


The Chartwell Law Offices, LLP, New York (Andrew J. Furman of counsel), for appellant.
Zalman Schnurman & Miner, P.C., New York (Marc H. Miner of counsel), for Desiree LaRosa and William LaRosa, respondents.
Gambeski & Frum, Elmsford (Eugene Grimes of counsel), for Corner Locations II, L.P., and Halstead Management Company, LLC, respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 23, 2018, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Moishe Gift Inc. (Moishe) for summary judgment dismissing the complaint and the cross claim for common-law indemnification against it, unanimously affirmed, without costs.
Plaintiff Desiree LaRosa was injured when she tripped and fell over the edge of a metal cellar door located on the public sidewalk in front of premises owned by defendant Corner Locations (Corner) and leased by Moishe. The court properly denied Moishe's motion for summary judgment because there are issues of fact as to whether it made special use of the cellar door in the sidewalk for its business and failed to maintain it in good repair (see Navaretto v 995 Westchester Ave. LLC, 35 AD3d 267, 268 [1st Dept 2006]). Although Corner, as the owner of the premises, had a nondelegable duty to maintain and repair the sidewalk abutting the premises (Administrative Code of the City of New York § 7-210), the property owner and tenant both may be held liable as joint tortfeasors for failure to fulfill their respective maintenance obligations (see Olivia v Gouze, 285 App Div 762, 765-766 [1st Dept 1955], affd 1 NY2d 811 [1956]).
Moishe also did not establish entitlement to dismissal of the cross claim based on the fact that Corner owes a nondelegable maintenance duty, since Moishe may be held liable to Corner for damages resulting from a violation of Moishe's obligations to repair and maintain the sidewalk and its special use of the sidewalk (see Wahl v JCNYC, LLC, 133 AD3d 552 [1st Dept 2015]).
Furthermore, under the facts and circumstances of this case, the court properly found that questions exist as to whether the
alleged defect was trivial as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY2d 66, 77-78 [2015]). Conflicting evidence as to the height differential between the level of the sidewalk and the cellar door frame, plaintiff's testimony that there was heavy pedestrian traffic blocking her view of the sidewalk, and the photographs showing a sharp edge on the door frame, prevent a finding that the condition did not constitute a tripping hazard (see e.g Narvaez v 2914 Third Ave. Bronx, LLC, 88 AD3d 500 [1st Dept 2011]; George v New York City Tr. Auth., 306 AD2d 160 [1st Dept 2003]; Simos v Vic-Armen Realty, LLC, 161 AD3d 1023 [2d Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK