Lopez v 1675 Realty (2022 NY Slip Op 05500)

Lopez v 1675 Realty

2022 NY Slip Op 05500

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 25334/17E Appeal No. 16314-16314A Case No. 2021-03059, 2022-00474 

[*1]Jose Lopez, Plaintiff-Respondent,
v
1675 Realty et al., Defendants-Appellants, City of New York, Defendant.

Lewis Johs Avallone Aviles, LLP, New York (David L. Metzger of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 21, 2021, which granted plaintiff's motion for summary judgment on the issue of liability and dismissed defendants' affirmative defenses, and order, same court and Justice, entered January 12, 2022, which, to the extent appealed from as limited by the briefs, in effect, granted defendants' motion to reargue and, upon reargument, adhered to the prior determination, unanimously modified, on the law, to deny the motion for summary judgment dismissing defendants' first, second, and fifth affirmative defenses, those affirmative defenses reinstated, and otherwise affirmed, without costs.
It is well settled that the relevant inquiry in a sidewalk trip and fall is whether the defect was difficult for a pedestrian to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances (see Trinidad v Catsimatidis, 190 AD3d 444, 445 [1st Dept 2021]; see also Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]). Where, as here, defendants fail to raise an issue of fact controverting that the condition was hazardous, summary judgment for the plaintiff is warranted (see Tropper v Henry St. Settlement, 190 AD3d 623, 624 [1st Dept 2021]).
No question of fact exists as to the location and nature of the accident, as plaintiff testified consistently as to the defective condition which caused his fall. Contrary to defendants' contention, plaintiff's 50-h and deposition testimonies are not inconsistent (see Rom v Eurostruct, Inc., 158 AD3d 570 [1st Dept 2018]; see also Hill v City of New York, 140 AD3d 568, 570 [1st Dept 2016]).
Moreover, plaintiff's uncontroverted expert's report and affidavit demonstrate that the ¾ of an inch to 1 inch deep and 2½ inch to 4½ inch wide condition which caused plaintiff's accident constitutes a substantial defect and tripping hazard and violates multiple applicable sidewalk statutes and safety standards (see Marks v 79th St. Tenants Corp., 191 AD3d 436, 437 [1st Dept 2021]; see also Narvaez v 2914 Third Ave. Bronx, LLC, 88 AD3d 500, 501 [1st Dept 2011]). Defendants' building superintendent's subjective opinion that the condition of the sidewalk was not a tripping hazard or danger is insufficient to raise a question of fact, as he conceded that the depth of the defect was at least one-half of an inch, which meets 34 RCNY 2-09(f)(5)(iv)'s definition of a sidewalk violation.
However, the affirmative defenses based on plaintiff's alleged comparative negligence should not have been dismissed. Plaintiff testified that the area where he fell was dark and that he was not distracted while walking. In opposition, defendants submitted the building superintendent's affidavit, in which he attests that the area where plaintiff tripped was adequately illuminated at night by a light he had affixed to the building and by a streetlight across the street. Moreover, plaintiff's companion testified that she saw his foot [*2]trip upon the defect in question as the accident occurred, which contradicts plaintiff's testimony that he was paying attention and could not see the defect. This conflicting evidence raises an issue of fact as to plaintiff's comparative negligence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022