| |
|---|
| **McGrane-Mungo v Dag Hammarskjold Tower** |
| 2024 NY Slip Op 33438(U) |
| September 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159019/2020 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

------------------------------------------------------------------------X

ANA MCGRANE-MUNGO,

Plaintiff,

- v -

DAG HAMMARSKJOLD TOWER, DAG HAMMARKSJOLD TOWER CONDOMINIUM, DAG HAMMARSKJOLD TOWER N.V., BOARD OF MANAGERS OF DAG HAMMARSKJOLD TOWER CONDOMINIUM, BROWN HARRIS STEVENS NYS, LLC,DOUGLAS ELLIMAN PROPERTY MANAGEMENT, DOUGLAS ELLIMAN COMMERCIAL, LLC,DOUGLAS ELLIMAN, LLC D/B/A DOUGLAS ELLIMAN PROPERTY MANAGEMENT,

Defendant.

------------------------------------------------------------------------X

DAG HAMMARKSJOLD TOWER CONDOMINIUM, BOARD OF MANAGERS OF DAG HAMMARSKJOLD TOWER CONDOMINIUM, DOUGLAS ELLIMAN PROPERTY MANAGEMENT

Plaintiff,

-against-

CONSTANTINE DEMETRACOPOULOS, HOSPITAL FOR SPECIAL SURGERY

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 159019/2020 |
| MOTION DATE | 09/14/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595219/2022

The following e-filed documents, listed by NYSCEF document number (Motion 003) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 117, 118, 119, 120, 121, 122, 123, 124, 125, 132, 133, 134, 135, 136, 137, 138, 139, 140

were read on this motion to/for                JUDGMENT - SUMMARY                .

Upon the foregoing documents, Defendants/Third-Party Plaintiffs Dag Hammarsjkold Tower Condominium, Board of Managers of Dag Hammarskjold Tower Condominium, and Douglas Elliman Property Management (collectively "Movants") motion for summary judgment

159019/2020   MCGRANE-MUNGO, ANA vs. DAG HAMMARSKJOLD TOWER
Motion No. 003

Page 1 of 6

dismissing Plaintiff Ana McGrane-Mungo ("Plaintiff") is denied. Plaintiff's cross-motion for summary judgment on the issue of liability against Movants is also denied.

## I.    Background

This is an action arising from personal injuries allegedly sustained when Plaintiff fell on the sidewalk outside of 240 E. 47th Street, New York, New York (the "Premises") on July 3, 2018 (*see generally* NYSCEF Doc. 1).

Plaintiff claims that she tripped on an uneven part of the sidewalk (NYSCEF Doc. 86 at 32:4-7). She testified her right foot was on the ground and she felt that the ground was uneven which caused her to lose her balance (*id.* at 37).[1]

A handyman employed by Movants, Tony Radoina, testified he has been working at the Premises since 2005 (NYSCEF Doc. 88 at 9:22-23) and his job is to maintain and to clean the Premises (*id.* at 10). Mr. Radoina testified that Defendant Douglass Elliman Property Management was in charge of managing the Premises as property manager (*id.* at 22). Mr. Radoina testified that from 2005 until the time of the incident, there were no repairs to the sidewalks in front of the Premises (*id.* at 26:6-9). Mr. Radoina testified that it is a routine part of his job to inspect the sidewalk on a daily basis (*id.* at 49:2-25).

Plaintiff produced an expert affidavit from Adam C. Cassel, P.E. (NYSCEF Doc. 122). Mr. Cassel measured the sidewalk where Plaintiff fell and found the elevation to be ½ inch high and greater along the expansion joint of the sidewalk. He also found there was a slight downward curve that contributed to the uneven condition. In his opinion, the raised and uneven surface constituted a tripping hazard. He also found a violation of New York City Administrative Code §19-152. Mr.

---

[1] Plaintiff also produced the deposition transcript of non-party Kimberly Cabello, however the transcript was never executed and is therefore inadmissible (*Li Xian v Tat Lee Supplies Co., Inc.*, 170 AD3d 538 [1st Dept 2019]).

**159019/2020  MCGRANE-MUNGO, ANA vs. DAG HAMMARSKJOLD TOWER**
**Motion No.  003**

**Page 2 of 6**

Cassel stated the sidewalk flag should have been removed and replaced to ensure a flat walking surface.

Movants argue they are entitled to summary judgment because they argue Plaintiff fell on a non-actionable trivial defect. Movants rely on a photograph exchanged by the parties which identifies the defect which caused Plaintiff to fall to be a less than a half inch height differential. They argue First Department precedent has held when the defect arises from a height differential of less than a half inch, the defect should be considered non-actionable. They also argue they did not create the alleged defect or have notice of it.

Plaintiff cross-moves for summary judgment. Plaintiff argues that pursuant to the affidavit of her engineering expert, the height differential is greater than ½ an inch which is a violation of the New York City Administrative Code. Mr. Cassel also opines that the defect has existed for months, if not years, which establishes constructive notice. Plaintiff also argues that Movants have failed to submit any expert affidavit and therefore cannot meet their prima facie burden of showing the sidewalk defect is trivial. In any event, Plaintiff argues Movants' own papers are inconsistent as they argue at the same time that the defect is trivial but was also open and obvious.

In opposition and in reply, Movants argue that the photograph of the measurement contained in the affidavit of Mr. Cassel shows a height differential that is less than a half-inch and therefore does not trigger the New York City Administrative Code. Movants also argue that Mr. Cassel's measurements state Plaintiff was walking in a northeasterly direction when her testimony was that she was walking in a southwesterly direction. [2]

---

[2] Plaintiff requested permission to file a sur-reply. However, no permission to file the sur-reply was granted. Therefore, the Court disregards Plaintiff's papers which were filed as an impermissible sur-reply.

**159019/2020  MCGRANE-MUNGO, ANA vs. DAG HAMMARSKJOLD TOWER**
**Motion No.  003**

**Page 3 of 6**

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B. The Movants' Motion

Viewing the facts in the light most favorable to the non-movant, the Plaintiff, and in the absence of any expert affidavit proffered by the Movants, the Court finds there are triable issues of fact precluding summary judgment. Specifically, there is a triable issue of fact as to whether the height differential where Plaintiff fell constitutes an actionable defect (*see Shapiro v 89th Street Dev. Co. LLC*, 220 AD3d 499 [1st Dept 2023] [triable issue of fact as to whether height differential constitutes ¼ of an inch or ¾ of an inch]; *Narvaez v 2914 Third Ave. Bronx, LLC*, 88 AD3d 500, 501 [1st Dept 2011]). As the Court of Appeals has stated, whether there is a defective condition to create liability "depends on the particular facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v Co. of Suffolk*, 90 NY2d 976 [1997]; *see also McCabe v Avalon Bay Communities, Inc.*, 177 AD3d 487 [1st Dept 2019]).

Importantly, Movants have failed to provide their own expert affidavit offering measurements or date related to the alleged defect, while Plaintiff's expert opines that the height

**159019/2020   MCGRANE-MUNGO, ANA vs. DAG HAMMARSKJOLD TOWER**                    **Page 4 of 6**
**Motion No. 003**

4 of 6

differential constitutes a statutory violation of the New York City Administrative Code. Based on this record and given Plaintiff's expert's opinion that a statutory violation exists, the Court cannot grant summary judgment on Movants' trivial defect defense. For the same reasons, the Court cannot grant Movants summary judgment based on their argument that the defect was not inherently dangerous. There is likewise a triable issue of fact as to whether Movants had actual or constructive notice, although Mr. Radoina testified that he inspected the sidewalk daily, Plaintiff's expert opined that the alleged defect did not develop suddenly or rapidly and existed for at a minimum multiple months. It is for a jury to decide whether the defect is trivial and if it is not, whether the Movants had notice of it.

### C. Plaintiff's Cross-Motion

Viewing the facts in the light most favorable to the non-movant on Plaintiff's cross-motion, the Court finds there are triable issues of fact which preclude summary judgment. In particular, there is a dispute as to the credibility of Plaintiff's expert report and his measurements, as his recitation of the facts states Plaintiff was walking in a northeast direction while Plaintiff testified she was walking in a southerly direction. Based on the record before the Court, it is unclear the impact this may have on Plaintiff's expert's measurements and whether a statutory violation exists. Thus, this is an issue which cannot be disposed of on summary judgment.

Moreover, there is a triable issue of fact as to whether Movants had notice of the alleged defect. The Court cannot glean from the images Plaintiff provided whether a ½ inch height differential existed, and Plaintiff's expert provides no methodology as to how he is able to examine the grainy photographs to spot a ½ inch height differential. Moreover, Movants' witness testified he inspected the sidewalk regularly and did not see any defects, nor did he ever receive any complaints (*see, e.g. Abraham v Dutch Broadway Associates* LLC, 192 AD3d 550 [1st Dept 2021];

159019/2020   MCGRANE-MUNGO, ANA vs. DAG HAMMARSKJOLD TOWER
Motion No.  003

Page 5 of 6

[* 5]

5 of 6

*Roa v City of New York*, 188 AD3d 504 [1st Dept 2020] [finding google map photos inconclusive];

*Ross v Betty G Reader Revocable Trust*, 86 AD3d 419 [1st Dept 2011]). Therefore, viewing the

facts in the light most favorable to the non-movant, and based on certain inconsistencies in the

record, Plaintiff's cross-motion for summary judgment is denied.

Accordingly, it is hereby,

ORDERED that Defendants/Third-Party Plaintiffs Dag Hammarsjkold Tower

Condominium, Board of Managers of Dag Hammarskjold Tower Condominium, and Douglas

Elliman Property Management motion for summary judgment dismissing Plaintiff Ana McGrane-

Mungo's Complaint is denied; and it is further

ORDERED that Plaintiff's cross-motion for summary judgment on the issue of liability is

denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | | | *My V Roar* JSC | |
|---|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159019/2020   MCGRANE-MUNGO, ANA vs. DAG HAMMARSKJOLD TOWER
Motion No.  003

Page 6 of 6

6 of 6

[* 6]