| Grebinger v City of New York |
|---|
| 2025 NY Slip Op 30528(U) |
| February 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160389/2019 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

PART 33M

-----------------------------------------------------------------X

NORKA GREBINGER, as the Administrator of the Estate of ALEXANDER FELICIANO, Deceased,

Plaintiff,

- v -

THE CITY OF NEW YORK, ASSOCIATION FOR THE HELP OF RETARDED CHILDREN, INC., 717 SUBSIDIARY, LLC, ACHS MANAGEMENT CORP.,

Defendant.

-----------------------------------------------------------------X

717 SUBSIDIARY, LLC, ACHS MANAGEMENT CORP.

Plaintiff,

-against-

ROCK GROUP NY CORP.

Defendant.

-----------------------------------------------------------------X

INDEX NO. 160389/2019

MOTION DATE 05/20/2024

MOTION SEQ. NO. 005

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595727/2024

The following e-filed documents, listed by NYSCEF document number (Motion 005) 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 141

were read on this motion to/for _____DISMISS_____.

Upon the foregoing documents, and after oral argument, which took place on November 12, 2024, where Justine B. Uy, Esq., appeared for Plaintiff Norka Grebinger as the Administrator of the Estate of Alexander Feliciano ("Plaintiff"), Eric Koplowitz, Esq. appeared for Defendants AHRC New York City i/s/h/a Association for the Help of Retarded Children Inc. (or "AHRC"), and Lauren Turkel, Esq. appeared for Defendants 717 Subsidiary, LLC ("717") and ACHS Management Corp. ("ACHS") (collectively "Moving Defendants"), the Moving Defendants'

160389/2019 FELICIANO, ALEXANDER vs. CITY OF NEW YORK
Motion No. 005

Page 1 of 4

motion for summary judgment dismissing Plaintiff's Complaint and any and all crossclaims is granted in part and denied in part.

Alexander Feliciano ("Decedent"), an adult with developmental disabilities, attended an AHRC program. As part of the program, AHRC took Decedent and others on various trips, including to restaurants and movie theaters. On November 16, 2018, AHRC took Decedent and others on a trip to Kellogg's Cafeteria in Union Square. Two AHRC employees were supervising the trip when Decedent fell on ice on the sidewalk located at the intersection of 7th Avenue and 17th Street in Manhattan. The building abutting the sidewalk was under construction and was owned by Defendant 717. In this motion, the Moving Defendants seek summary judgment dismissing Plaintiff's Complaint and all crossclaims asserted against them.

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Court rejects Moving Defendants' argument that the Complaint should be dismissed because Decedent, who was an adult with developmental disabilities, could only speculate as to the cause of his fall. Decedent testified on multiple occasions that the cause of his fall was ice on a sidewalk. *see also Abraham v Dutch Broadway Associates LLC*, 192 AD3d 550 [1st Dept 2021]; *Kovach v PJA, LLC*, 128 AD3d 445 [1st Dept 2015]). To the extent the Moving Defendants argue

**160389/2019   FELICIANO, ALEXANDER vs. CITY OF NEW YORK**                    **Page 2 of 4**
**Motion No.  005**

Decedent's deposition testimony was inconsistent, credibility is an issue of fact for the jury (*Francis v New York City Transit Authority*, 295 AD2d 164 [1st Dept 2002]).

To the extent 717 argues they were not negligent, this is an issue of fact for the jury. The New York City Administrative Code § 7-210(a) imposes a nondelegable duty on property owners to clear snow and ice from the public sidewalks abutting their buildings (*Smoot v Rite Aid*, 185 AD3d 411, 413 [1st Dept 2020] citing *LaRosa v Corner Locations II, L.P.*, 169 AD3d 512 [1st Dept 2019]). It is undisputed that 717 was the owner of the Premises where Plaintiff allegedly fell and therefore had a duty to ensure the sidewalks abutting its property were clear of ice. Despite this obligation, there is testimony from Decedent that he slipped on ice which had formed on the Moving Defendants' sidewalk. It is for a jury to decide if the ice formed because of Moving Defendants' negligence. To the extent Moving Defendants argue any defect causing Decedent's fall was trivial, that remains an issue for the jury. Moving Defendants have not presented an expert affidavit testifying as to the measurements and applicability of any local codes and ordinances which precludes this Court from granting summary judgment on a trivial defect defense (*see, e.g. Shapiro v 89th Street Dev. Co. LLC*, 220 AD3d 499 [1st Dept 2023]; *see also Trinidad v Catsimatidis*, 190 AD3d 444 [1st Dept 2021]).

However, the Court grants ACHS' motion for summary judgment. It is undisputed that the premises where Decedent fell were under construction at the time of the accident (NYSCEF Doc. 122 at 18-19). It is undisputed that ACHS was not the owner of the Premises and once construction commenced, it had no obligation to maintain the sidewalks (*Id.* at 28). Indeed, at the time of the accident, snow and ice removal was delegated to the non-party general contractor (*Id.* at 31).

AHRC's crossclaim against Moving Defendants seeking common law indemnity is dismissed as unopposed. Moreover, since ACHS is dismissed, AHRC's crossclaim for

160389/2019 FELICIANO, ALEXANDER vs. CITY OF NEW YORK
Motion No. 005

Page 3 of 4

contribution is dismissed as to that defendant. However, 717's motion which seeks dismissal of AHRC's crossclaim for contribution is denied as there remain triable issues of fact as to whether 717 was negligent.

Accordingly, it is hereby,

ORDERED that Defendants 717 Subsidiary, LLC and ACHS Management Corp.'s motion for summary judgment is granted in part and denied in part; and it is further

ORDERED that Defendants 717 Subsidiary, LLC and ACHS Management Corp.'s motion is granted to the extent that Plaintiff's Complaint and AHRC's crossclaims asserted against ACHS Management Corp. are dismissed; and it is further

ORDERED that that Defendants 717 Subsidiary, LLC and ACHS Management Corp.'s motion is granted to the extent AHRC's crossclaim for common law indemnification against 717 Subsidiary, LLC is dismissed without opposition; and it is further

ORDERED that Defendants 717 Subsidiary, LLC and ACHS Management Corp.'s motion is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 2/13/2025 | | | |
|---|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

160389/2019   FELICIANO, ALEXANDER vs. CITY OF NEW YORK
Motion No. 005

Page 4 of 4

4 of 4

[* 4]